■ In the Matter of RALPH A. BUCKSON, Petitioner, v JOSEPH HARRIS, as Albany County Court Judge, et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506 [b] [1]) to vacate an order of respondent Albany County Judge which directed petitioner to refrain from driving a motor vehicle as a condition of bail.

In this proceeding in the nature of prohibition, petitioner, who was indicted on charges of driving while intoxicated as a felony and has a number of prior alcohol-related traffic offenses, contends that respondent Albany County Judge lacked the authority to suspend petitioner's privilege to operate a motor vehicle as a condition of the pretrial probation imposed when petitioner was admitted to bail upon arraignment. We hold that the County Judge had the authority to suspend petitioner's privilege to operate a motor vehicle.

Vehicle and Traffic Law § 510 (1) includes "any county judge" among the list of those authorized to suspend a driver's license, and the final sentence of section 510 (3) (i) provides, "A license * * * may, however, be temporarily suspended without notice, pending any prosecution, investigation or hearing." Lower courts have construed this latter provision as authorizing temporary discretionary suspensions pending the prosecution of alcohol-related driving offenses (e.g., Matter of

*Ryan v Smith,* 139 Misc 2d 151, 152; *Matter of De Vito v Aylward,* 77 Misc 2d 524, 526-527). Furthermore, this court in *People ex rel. Moquin v Infante* (134 AD2d 764, 765) recently imposed as an additional condition to bail that the petitioner not operate a motor vehicle while released on bail and that she surrender her driver's license during such time. Accordingly, we are satisfied that the County Judge did not exceed his authorized powers in this case. We note that Vehicle and Traffic Law § 510 (7) treats a suspension under the statute as an administrative act reviewable in Supreme Court.

Since the extraordinary remedy of prohibition lies only where petitioner has established a clear right to relief and where the action taken is clearly without jurisdiction or in excess of authorized powers *(see, Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *Matter of Rush v Mordue,* 68 NY2d 348, 352), the petition must be dismissed.

Petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.