### A93A1852. WELLS v. THE STATE.
(440 SE2d 692)

SMITH, Judge.

Henry Lee Wells was convicted of DUI by a jury and his motion for new trial was denied.

The evidence presented at trial showed that while on duty on the evening of September 22, 1992, Officer Merrill Lee of the Americus Police Department observed a pickup truck being driven in an erratic manner. Lee stopped the truck, and after an alco-sensor test on the driver, Wells, proved positive, he placed Wells under arrest and advised him of his implied consent rights. Wells was then transported to the Americus Police Department, where Officer Eddie Davis tested him on an Intoximeter 3000. Tested approximately 30 minutes after having been stopped, the Intoximeter 3000 result was .17.

1. Wells contends the trial court erred in denying his motion to suppress the Intoximeter 3000 test results on the ground that the officers had ignored his requests for an additional test from an independent source.

At the hearing on the motion to suppress, Wells testified that he twice asked explicitly that he be allowed to obtain an additional test, and the officers ignored the requests. However, both officers testified he never requested an additional test. At a hearing on a motion to suppress evidence, the trial court is the trier of fact. *Wells v. State*, 206 Ga. App. 513, 515 (1) (426 SE2d 231) (1992). The trial court resolved the conflict in the evidence on this issue in favor of the police officers. The trial court's findings based on conflicting evidence " 'are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them]. (Cit.)' [Cit.]" Id. Clearly, there is evidence to support the trial court's finding that Wells did not request an additional test, and consequently the trial court's denial of Wells' motion to suppress was proper.

2. Wells also asserts error in the trial court's admission into evidence of the Intoximeter 3000 test results because the State failed to lay a proper foundation for their admission. We do not agree.

Wells' contention as to what constitutes a proper foundation is

controlled adversely to him by this court's holding in *Harris v. State*, 199 Ga. App. 457, 458-459 (4) (405 SE2d 501) (1991). The State laid a proper foundation through the testimony of the officers. Officer Lee testified that both he and Davis were certified to operate the machine, that the customary pretest procedures were performed to determine that the machine was operating properly, that his permit and that of Davis to operate the machine were prominently displayed in the room where the machine was kept, and that Davis performed the test in accordance with the methods approved by the Division of Forensic Sciences of the GBI.

3. At the sentencing hearing, the trial court granted Wells' request for bond pending appeal, but required him to surrender his driver's license. Wells maintains that this was impermissible because OCGA § 5-6-45 (a) provides that if the sentence is bailable, bond may be conditioned only "upon the defendant's personal appearance to abide the final judgment or sentence of the court."

It is true that a trial court may not execute a sentence under supersedeas. *Riggins v. State*, 134 Ga. App. 941, 944 (216 SE2d 723) (1975). However, in this case surrender of the driver's license was not a part of his sentence. Although the trial court eventually made the surrender a condition of bond, even had the trial court not done so, the surrender of Wells' driver's license would have been required. OCGA § 40-5-67 (c) (1) provides that if a "person is convicted of violating [OCGA] § 40-6-391, the court *shall*, within ten days, forward the person's driver's license and the record of the disposition of the case to the Department of Public Safety. At this time, the court shall also require the person to surrender the temporary driving permit issued pursuant to subsection (b) of this Code section." (Emphasis supplied.)

Wells argues that the term "convicted" in OCGA § 40-5-67 (c) (1) must be construed to mean when the conviction is final, i.e., after all appeals are concluded. We find no merit in this argument.

OCGA § 40-5-67 (c) (1) does not require surrender of the driver's license to the *court* as part of the offender's sentence. Rather, it simply instructs the *court* to forward the offender's license to the Department of Public Safety, presumably for disposition in accordance with the procedures of that Department. The statute therefore must be construed with other statutes addressing license suspensions and revocations and appeals therefrom. OCGA § 40-5-66 provides for appeals in cases where the Department of Public Safety suspends or revokes a person's driver's license. It provides that "[n]o person shall be allowed to operate any vehicle in violation of any suspension or revocation by the department while any such appeal is pending." OCGA § 4-5-66 (b). In addition, OCGA § 40-5-67.1, although inapplicable to this case because it did not become effective until January 1, 1993,

provides guidance as to this issue. It provides for suspension of an offender's driver's license for a minimum period of one year when a law enforcement officer has reasonable grounds to believe that OCGA § 40-6-391 has been violated and test results indicate a blood alcohol concentration of 0.10 grams or more. OCGA § 40-5-67.1 (a), (b) (3). It authorizes the law enforcement officer to notify the person of the intention to suspend the license at the time the test results are obtained, to take possession of the license, and to forward it to the Department of Public Safety within ten days after arrest. OCGA § 40-5-67.1 (f) (1). Other subsections provide for the right to an administrative hearing regarding the suspension, see subsection (g), and for judicial review if the suspension is sustained. See subsection (h). Subsection (h) also provides that "while such appeal is pending, the order of the department shall not be stayed."

The seizure and forwarding of Wells' driver's license was not part of his sentence or a condition of his bond, but a requirement imposed by statute on the court. In accordance with public policy, and given the clear intention evinced in statutes in pari materia that this requirement not be stayed during appeal, we hold that Wells was required to surrender his driver's license and temporary permit to the trial court. "When a ruling of the trial court is legally correct, it will be upheld regardless of the reason assigned. [Cits.]" *Phillips v. State,* 185 Ga. App. 54, 56 (4) (363 SE2d 283) (1987). The trial court did not err in requiring Wells to turn over his driver's license and temporary permit pending appeal.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

<small>DECIDED JANUARY 26, 1994 —
RECONSIDERATION DENIED FEBRUARY 11, 1994 —</small>

*Fuller & McFarland, Thomas R. McFarland,* for appellant.
Henry L. Wells, *pro se.*
*Howard S. McKelvey, Jr., Solicitor,* for appellee.