## S99A1035. FLINT v. THE STATE.
### (521 SE2d 572)

BENHAM, Chief Justice.

This appeal is from the conviction of Linda Diane Flint for murder and possession of a knife during commission of a felony.[1] The victim, Flint's husband Dorman Flint, died as a result of a stab wound to his chest. He was brought to the hospital by Flint, who then departed. Returned to the hospital by the police, Flint gave several

---

[1] The crimes were committed on January 26, 1998, and Flint was indicted on February 23, 1998, for murder and possession of a knife during commission of a felony. Convicted by a jury on both counts on July 2, 1998, Flint was sentenced on July 7, 1998, to life imprisonment for murder and to a concurrent term of five years for the weapon charge. Flint's motion for new trial was filed August 3, 1998, and was denied by an order filed February 22, 1999. Pursuant to her notice of appeal, filed March 23, 1999, this appeal was docketed in this Court on April 14, 1999, and was submitted for decision on the briefs.

conflicting versions of the events. The couple's older son, age eight years, told police officers he was awakened by sounds of fighting between his parents, that he found his father in the kitchen bleeding from a chest wound, and that he helped his father dress before accompanying his parents and younger brother to the hospital. Both sides in this case adduced evidence of a history of domestic violence in which both parties to the marriage physically abused each other. The State showed a series of attacks on the victim by Flint and of conflicts initiated by Flint. Flint's evidence showed a history of physical abuse by the victim. She testified at trial that on the evening of the victim's death, he had been drinking and had come to her bed naked; that she went to the kitchen and prepared herself food; that he threw her plate against the wall; and that he then approached her in the kitchen, still naked. She testified that she remembered no more of the events of the evening. Her older son testified that when his father asked for help, Flint said, "No, because you're going to get well and start beating on me again." One of Flint's former husbands testified she had stabbed him.

1. The evidence set out above was sufficient to authorize a rational trier of fact to find Flint guilty beyond a reasonable doubt of murder and possession of a knife during commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Wall v. State*, 269 Ga. 506 (1) (500 SE2d 904) (1998).

2. Flint contends on appeal that the trial court erred in failing to charge the jury, in accordance with footnote 3 of *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992), that if it found provocation and passion, it could not convict Flint of murder, but of voluntary manslaughter. Pretermitting the issue of preservation of objections, it appears from the record of this case that the trial court gave the charge Flint contends was omitted. The transcript shows that the trial court, on its own motion, summoned the jury back to the courtroom and gave the charge in question after rereading this Court's decision in *Edge*. Since the charge Flint complains was omitted was in fact given, no error appears.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 1999.

*Elizabeth Lane*, for appellant.

*Charles H. Weston, District Attorney, Wayne G. Tillis, Howard Z. Simms, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Frank A. Ilardi, Assistant Attorney General,* for appellee.