OPINION OF THE COURT
Matthew J. D’Emic, J.
Defendant, accused of assaulting his wife, moves to vacate as unreasonable the condition of bail imposed by the court that he attend a domestic violence counseling program.
*105 The motion is denied.
In 1996, the Brooklyn Domestic Violence Court began as a pilot part to insure a more active and sensitive response to family violence by the judicial system. The need was great. As the New York Legislature found: “[m]ore women are hurt from being beaten than are injured in auto accidents, muggings and rapes combined” (L 1994, ch 222, § 1), and case law is ripe with examples from every State of domestic violence that has escalated to murder (People v Zack, 184 Cal App 3d 409, 229 Cal Rptr 317; Flint v Georgia, 271 Ga 483, 521 SE2d 572; Smith v Texas, 1999 WL 1128886, 1999 Tex App LEXIS 9210; Missouri v Winfield, 5 SW2d 505; Louisiana v Hamilton, 1999 WL 994136, 1999 La App LEXIS 3000).
With this in view, the Domestic Violence Parts of Brooklyn Supreme Court have consistently directed that bailed or paroled defendants attend domestic violence counseling programs as a condition of bail.
In this State, the court may generally set bail only to insure the accused’s return to court and cannot consider the potential for future violence and impose “preventive detention” (Belamy v Judges in N. Y. City Criminal Ct., 41 AD2d 196; CPL 510.30 [2] [a]). However, this does not preclude attendance at behavioral programs as conditions of bail (United States v Smith, 444 F2d 61, cert denied sub nom. Haley v United States, 405 US 977; People ex rel. Moquin v Infante, 134 AD2d 764; People ex rel. Bryce v Infante, 144 AD2d 898; see also, Matter of Buckson v Harris, 145 AD2d 883).
In addition, CPL 530.12 (1) authorizes courts to issue temporary orders of protection in criminal actions charging crimes between spouses, and the court can order, as conditions of bail, enumerated acts and abstentions on the part of the accused which can be as drastic as ordering the defendant out of his home. These enumerated conditions found in CPL 530.12 (1) (a)-(e) are not exclusive and are prefaced by the statutory language “in addition to any other conditions” the court deems appropriate. Thus, the Legislature has authorized the court to establish reasonable bail conditions when necessary. It is the court’s view that attendance at a domestic violence program is just such a condition.
Unfortunately, experience evidences that cases involving family violence require heightened attention since they are not random acts but crimes with a targeted victim often involving complex and highly charged emotional circumstances. Until there is a determination of guilt or innocence the court is *106 responsible not only to seek justice by safeguarding the rights of the defendant; it must also insure that the complainant is secure and that societal peace is preserved during the pendency of the action. Directing a defendant to attend alternative to violence courses helps insure this.
Rather than implying guilt, attendance at the program, in tandem with its educational benefits, reminds the defendant, as does the order of protection, that although at liberty, he is still bound by the dictates of the court, which can rescind his liberty on his failure to abide by those dictates.
In requiring attendance at such programs, the court feels it is less likely that a temporary order of protection will be violated. Such a condition thus assists the court in its responsibility to secure the peace and protect the family. Like requiring the defendant to stay away from the complainant’s home, school or place of business, or for that matter to stay out of a certain neighborhood, attendance at a program is a tool for the court at a minimal inconvenience to the defendant.
For the reasons set forth, defendant’s motion is, therefore denied.