759 N.W.2d 260 (2009)
276 Neb. 997
STATE of Nebraska, appellee,
v.
Ricky D. NELSON, appellant.
No. S-08-203.
Supreme Court of Nebraska.
January 2, 2009.
*262 Dennis R. Keefe, Lancaster County Public Defender, and Shawn Elliott for appellant.
*263 Jon Bruning, Attorney General, and George R. Love for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
McCORMACK, J.

NATURE OF CASE
Ricky D. Nelson's motor vehicle operator's license was revoked in 1992 for a period of 15 years, after Nelson was convicted of third-offense driving under the influence (DUI). Nearly 15 years later, Nelson was pulled over for speeding. He was convicted and sentenced for driving during his 15-year license revocation period.
Nelson alleges that his license revocation had expired by the time of the violation. Specifically, Nelson argues that he should have been given credit for the period he was not allowed to drive while on bail awaiting sentencing for the 1992 DUI, because the 15-year revocation period actually began to run during that time. Nelson also argues that although he was sentenced to 3 months' imprisonment in 1992 and a license revocation period does not run concurrently with a jail sentence, his jail sentence should not be excluded from his revocation period in this case because there is no evidence of how much time he actually spent in jail.

BACKGROUND
On March 6, 1992, Nelson was arrested for driving under the influence. This was his third-offense DUI. The statute under which Nelson was charged in 1992 provided that a person who had two or more prior convictions was guilty of a Class W misdemeanor and that "as part of the judgment of conviction," the court "shall"
order such person not to drive any motor vehicle in the State of Nebraska for any purpose for a period of fifteen years from the date ordered by the court and shall order that the operator's license of such person be revoked for a like period. Such revocation shall be administered upon sentencing, upon final judgment of any appeal or review, or upon the date that any probation is revoked. Such revocation shall not run concurrently with any jail term imposed.[1]
On May 29, 1992, Nelson pled guilty to the charges.
Sentencing was postponed due to Nelson's request that a presentence investigation be prepared. Pending sentencing, the court ordered Nelson released on a $2,500 bond. The court also ordered that Nelson turn his license over to the probation office and that he not drive a motor vehicle for any reason during the period he was on bail.
The record contains a journal entry dated September 4, 1992, reflecting that the court sentenced Nelson to 3 months' imprisonment, a $500 fine, and a 15-year license revocation. The jail term was originally typed as "____ days," but this was crossed out and handwritten over as "3 months," and Nelson admits he was sentenced to 3 months in jail. The court did not specifically set forth a date from which Nelson's revocation period would begin to run.
The record is unclear, however, as to how much of the jail sentence was actually served. An official abstract of record by *264 the Nebraska Department of Motor Vehicles (DMV) printed in June 2007 appears to show that Nelson served 3 days' jail time for his third-offense DUI. The record also contains a certified "Order of Suspension" by the DMV sent to Nelson on September 15, 1992, stating that his license was revoked for a period of 15 years to begin on September 6, 1992-3 days after Nelson was sentencedand to end on September 6, 2007.
Almost 15 years after the 1992 sentence for third-offense DUI, on June 18, 2007, Nelson was stopped for speeding. He was driving his employer's vehicle and did not have a license. Nelson had not, at that point, applied for reinstatement of his revoked license. When the officer ran Nelson's name, he was informed that Nelson's license had been suspended and that Nelson was not eligible for reinstatement until September 6, 2007.
Nelson was charged with operating a motor vehicle during a period of revocation, in violation of Neb.Rev.Stat. § 60-6,197.06 (Cum. Supp. 2006). That section deals specifically with revocations pursuant to DUI offenses and states in relevant part that any person operating a vehicle on the highways or streets of this state while his or her operator's license has been revoked, pursuant to third-offense DUI, shall be guilty of a Class IV felony. A Class IV felony carries a maximum of 5 years' imprisonment, a $10,000 fine, or both, and has no minimum sentence.[2] It further provides that "the court shall, as part of the judgment of conviction, revoke the operator's license of such person for a period of fifteen years."[3]
In a bench trial on a stipulated record, Nelson argued that because of the period during which his license had been suspended while he was on bail in 1992, the 15-year suspension period had ended by the time he was pulled over in 2007. While he admitted he was driving without a license, he argued that he should be subject only to a misdemeanor offense of driving after a period of revocation but before issuance of a new license.[4] The district court rejected this argument and found Nelson guilty under § 60-6,197.03.
Nelson's counsel argued for leniency at the sentencing hearing, asking for probation instead of incarceration. In particular, counsel argued that another 15-year suspension would be unduly harsh, and counsel asserted that under § 60-6,197.06, Nelson would not be subject to another mandatory 15-year license suspension if he were only sentenced with probation instead of jail time. The Nebraska Probation System presentence investigation report (PSI) prepared for Nelson's sentencing for violating § 60-6,197.03, reveals three DUI convictions that occurred in 1987, 1990, and 1992. In addition, the PSI shows one conviction for possession of drug paraphernalia in 1985, a conviction of possession of controlled substance in 1989, possession of marijuana in 1992, attempted conspiracy to deliver a controlled substance in 1993, and various misdemeanors up through 1992. The PSI also shows that Nelson was convicted of driving without a license in 1986. In 1993, he was convicted of driving under a suspended license and sentenced to 3 years' probation, from which he was unsatisfactorily released. According to the PSI, in 2006, Nelson *265 was found guilty of violating a protection order issued on behalf of his former common-law wife and her family.
On January 29, 2008, the court sentenced Nelson to 300 days in the county jail and ordered his driver's license revoked for a period of 15 years consecutive to the successful completion of his incarceration. The court deferred execution of the jail sentence until February 3, so that Nelson could seek a work release. The court further ordered that, upon appropriate application, it would consider granting a portion of the sentence under house arrest. The court explained that the sentence of imprisonment was necessary for the protection of the public because the risk was substantial that Nelson would reoffend during any period of probation. The court also reasoned that a lesser sentence would depreciate the seriousness of the crime committed and promote disrespect for the law. On February 5, Nelson's application for a work release was denied, due to a positive drug test result.
Nelson appealed his conviction and sentence, and we moved the case to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[5]

ASSIGNMENTS OF ERROR
Nelson asserts that the district court erred in (1) convicting him of driving during a 15-year revocation when there was insufficient evidence to support that conviction and (2) failing to place Nelson on probation.

STANDARD OF REVIEW
Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.[6]
Whether an appellate court is reviewing a sentence for its leniency or its excessiveness, a sentence imposed by a district court that is within the statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of the trial court's discretion.[7] A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.[8]

ANALYSIS

15-YEAR LICENSE REVOCATION PERIOD
Section 60-4,104 provides that a copy of the order of the director revoking any operator's license, duly certified by the director and bearing the seal of the DMV, "shall be admissible in evidence without further proof and shall be prima facie evidence of the facts therein stated in any proceeding, civil or criminal, in which such suspension or revocation is an issuable fact."[9] In this case, the State entered into evidence a certified copy of the order of the director reflecting that Nelson's license for his third-offense DUI was revoked until September 6, 2007. Thus, the burden shifted to Nelson to rebut the correctness *266 of that order.[10] Nelson argues that the May 29, 1992, bail order and the September 4 sentencing order rebut the State's prima facie case.
As a preliminary matter, we agree with Nelson that the record is unclear as to how much jail time Nelson served for his third-offense DUI conviction. This is potentially relevant because, even if the 15-year period began when Nelson alleges, § 39-669.07(2)(c) provided that the 15-year revocation period shall not run concurrently with any jail term imposed. In other words, had Nelson served the 3 months of jail time to which he was sentenced, the 15-year period would not have expired by the time he was stopped on June 18, 2007. In this case, however, the DMV records admitted into evidence by the State indicate that Nelson spent only 3 days in jail, and there is no other evidence indicating the time actually served. Thus, we will assume that Nelson's arguments are not rendered irrelevant by the concurrency clause of § 39-669.07(2)(c).
Nelson's first argument in support of his contention that his 15-year revocation expired May 29, 2007, is that he should be given credit for the time he was ordered not to drive while on bail awaiting his sentence for the third-offense DUI. Nelson points out that under the current administrative license revocation scheme, not yet in effect at the time of his conviction, any period of revocation imposed for a violation of Neb.Rev.Stat. § 60-6,196 (Reissue 2004) is reduced by any period of revocation imposed under Neb.Rev.Stat. § 60-498.02 (Reissue 2004).[11] Nelson also points out that Neb.Rev.Stat. § 83-1,106 (Reissue 2008) gives credit against a term of incarceration for time served while awaiting sentencing.
But Nelson admits that there is no law which requires him to be given credit for the time he was unable to drive pursuant to the terms of his bail while awaiting sentencing in 1992. The Legislature has demonstrated that it can and will specify when credit should be given for similarly imposed restrictionswhen it wishes to do so. The plain language of § 39-669.07(2)(c) did not provide for credit for any license restrictions imposed prior to sentencing, and it is not within an appellate court's province to read a meaning into a statute that is not there.[12] We find no merit to Nelson's argument that he should be given "credit" against his 15-year license revocation.
We next turn to Nelson's contention that under the plain language of § 39-669.07(2)(c), his 15-year license revocation began with the order of May 29, 1992. Nelson points to the provision of § 39-669.07 that the driver shall not drive for a period of 15 years "from the date ordered by the court and [the court] shall order that the operator's license . . . be revoked for a like period." Nelson reasons that because the September 4 sentencing order did not otherwise specify when the imposed 15-year revocation began to run, under § 39-669.07, the revocation period must run from the first time the court "ordered" him to turn over his license, on May 29. Relying on State v. Schulz,[13] Nelson further argues that such construction of the statute is necessary to prevent the sentence from being illegal for *267 imposing a sentence in excess of that directed by the statute.
In Schulz, upon finding the defendant guilty of second-offense DUI, the trial court had sentenced the defendant to 1 year of probation, with 6 months' suspension of his driver's license and 48 hours in the county jail as conditions of his probation. Five months later, the defendant's probation was revoked, and the court revoked the defendant's driver's license for an additional 12 months and sentenced him to 30 days in jail. Section 39-669.07, as it existed at that time, stated that a person found guilty of second-offense DUI would be ordered not to drive "`for a period of one year from the date of his or her conviction.'"[14] Section 28-106 stated that the mandatory penalty for a second conviction of a Class W misdemeanor was 30 days' imprisonment.
We held in Schulz that the 48 hours of jail time served by the defendant was not part of his mandatory sentence of 30 days' imprisonment, but was instead a statutory condition of probation. Therefore, imposing 30 days in addition to that time did not violate the maximum sentence for the crime. However, we held that imposing a 1-year license revocation from the time the defendant's probation was revoked violated the plain language of the statute mandating that the license revocation run "`from the date of his or her conviction.'"[15] We concluded that the State's concernthat such construction left little incentive not to violate the probationwas a concern "to be addressed by the Legislature rather than by this court."[16]
But by the time of Nelson's conviction in 1992, § 39-669.07 had changed significantly. It no longer stated that the revocation should run from the date of the conviction, and it stated that the revocation shall be "administered upon sentencing, upon final judgment of any appeal or review, or upon the date that any probation is revoked."[17] Thus, our reasoning in Schulz does not support Nelson's argument that we must construe his 15-year revocation period as running from the date he was released on bail pending sentencing. To the contrary, by holding that the court could impose 30 days' jail time in addition to the 48 hours already incarcerated, we recognized that the same type of consequence does not necessarily make for the same "sentence."
The fundamental error of Nelson's arguments is that what he misconstrues as a "sentence" is merely a condition of bail. Neb. Const. art. I, § 9, provides in part that "[a]ll persons shall be bailable by sufficient sureties, except for treason, sexual offenses involving penetration by force or against the will of the victim, and murder, where the proof is evident or the presumption great." Neb.Rev.Stat. § 29-901 (Cum. Supp. 2006), in turn, states that any bailable defendant shall be ordered released from custody pending judgment and that the judge shall impose conditions of release which will reasonably assure the appearance of the person for trialincluding restrictions on travel.
In a criminal case, the "judgment" is the sentence.[18] It is clear that Nelson was released pending the creation of the PSI report that the judge was to consider in sentencing. It was not until *268 September 6, 1992, that the sentence was rendered. Conditions of release are generally entrusted to the discretion of the judicial officer, who must consider the unique circumstances of each case.[19] Restrictions on the right to drive are not generally considered so severe as to unreasonably restrain the accused from liberty while on bail,[20] and are, in fact, not uncommon.[21] For instance, in Wells v. State,[22] the court held that the continuing enforcement of the court's order that the defendant surrender his driver's license did not violate a statutory prohibition against enforcing a sentence under supersedeas, because the order for surrender was not part of the defendant's sentence. The Georgia Court of Appeals explained that even though the trial court made the surrender a condition of the defendant's bond, it was a requirement imposed by statute on the court.
In this case, Nelson does not claim that the court's condition suspending driving privileges while on bail was an abuse of discretion, but instead argues that the sentence began with his condition of bail. We disagree. Nelson's driving privileges were suspended simply as a condition of bond. That period was not part of Nelson's sentence to a 15-year license revocation.
Nor can the language "from the date ordered by the court" be construed to require that the 15-year period ran from the time of the bail condition when, at that time, Nelson had not yet been sentenced to a 15-year revocation period. Under the plain language of § 39-669.07, for purposes of delimiting the "period of fifteen years from the date ordered by the court," the "date ordered by the court" refers to the date the court ordered the 15-year license revocation, and not from any date the court may have issued an order affecting the defendant's driving privileges.
In summary, we find no merit to the defendant's argument that his 15-year revocation period had expired by the time he was pulled over in June 2007.

EXCESSIVE SENTENCE
We next consider whether the district court's sentence on the charge of driving with a revoked license was excessive. Nelson asserts that he should have been given probation rather than jail time.
An order denying probation and imposing a sentence within the statutorily prescribed limits will not be disturbed on appeal unless there has been an abuse of discretion.[23] The term "judicial abuse of discretion" means that the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.[24] When imposing a sentence, a sentencing judge should consider the defendant's (1) *269 age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the violence involved in the commission of the crime.[25] In imposing a sentence, the sentencing court is not limited to any mathematically applied set of factors.[26] The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.[27] In considering a sentence of probation in lieu of incarceration, the court should not withhold incarceration if a lesser sentence would depreciate the seriousness of the offender's crime or promote disrespect for the law.[28]
In this case, the trial judge explained that 300 days' imprisonment was necessary for the protection of the public. The trial judge also stated that a lesser sentence would depreciate the seriousness of the crime committed. While it is true that most of Nelson's criminal record was developed prior to 1992 and that he now alleges he is sober, his record of driving offenses is extensive and includes a conviction for driving without a license and driving with a suspended license. Although Nelson alleges that he is now sober, the record reflects that at the time of his arrest, there was marijuana found in the vehicle. Nelson was not charged with possession of marijuana. We conclude that the district court did not abuse its discretion in denying probation, especially given the level of flexibility offered by the court in serving the jail time imposed. Furthermore, we note that while Nelson complains of the onerous nature of another 15-year revocation, as we explained in State v. Hense,[29] the 15-year revocation is a mandatory part of any sentence for felony operation of a motor vehicle during a period of revocation, including a sentence of probation. Thus, the district court had no discretion in this regard. We find no merit to Nelson's excessive sentence argument.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the district court.
Affirmed.
NOTES
[1] Neb.Rev.Stat. § 39-669.07(2)(c) (Cum. Supp. 1990) (currently located at Neb.Rev. Stat. § 60-6,197.03(4) (Cum. Supp. 2006)).
[2] Neb.Rev.Stat. § 28-105(1) (Cum. Supp. 2006).
[3] § 60-6,197.06. See, also, State v. Hense, 276 Neb. 313, 753 N.W.2d 832 (2008).
[4] See Neb.Rev.Stat. § 60-4,108(2) (Reissue 2004).
[5] See Neb.Rev.Stat. § 24-1106(3) (Reissue 1995).
[6] State v. Hense, supra note 3.
[7] State v. Rice, 269 Neb. 717, 695 N.W.2d 418 (2005).
[8] Id.
[9] Neb.Rev.Stat. § 60-4,104 (Reissue 2004).
[10] See Delgado v. Abramson, 254 Neb. 606, 578 N.W.2d 833 (1998).
[11] Neb.Rev.Stat. § 60-6,197.05 (Reissue 2004).
[12] In re Adoption of Kailynn D., 273 Neb. 849, 733 N.W.2d 856 (2007).
[13] State v. Schulz, 221 Neb. 473, 378 N.W.2d 165 (1985).
[14] See id. at 478, 378 N.W.2d at 168 (emphasis omitted).
[15] Id.
[16] Id. at 480, 378 N.W.2d at 170.
[17] § 39-669.07(2)(c).
[18] State v. Hense, supra note 3. See, also, State v. Rodriguez, No. A-92-614, 1993 WL 173833 (Neb.App. May 25, 1993).
[19] 8 C.J.S. Bail § 18 (2005). See, also, State v. Hernandez, 1 Neb.App. 830, 511 N.W.2d 535 (1993).
[20] Id.
[21] See, e.g., State v. Fraga, 189 S.W.3d 585 (Mo.App.2006); In re McSherry, 112 Cal. App.4th 856, 5 Cal.Rptr.3d 497 (2003); Matter of Buckson v. Harris, 145 A.D.2d 883, 536 N.Y.S.2d 219 (1988); Cope v. State, No. A-433, 1985 WL 1077807 (Alaska App. Jan. 16, 1985) (unpublished opinion).
[22] Wells v. State, 212 Ga.App. 15, 440 S.E.2d 692 (1994).
[23] See, State v. Crowdell, 241 Neb. 216, 487 N.W.2d 273 (1992); State v. Beins, 235 Neb. 648, 456 N.W.2d 759 (1990).
[24] See State v. Trackwell, 244 Neb. 925, 509 N.W.2d 638 (1994), disapproved on other grounds, State v. Koperski, 254 Neb. 624, 578 N.W.2d 837 (1998).
[25] State v. Draganescu, 276 Neb. 448, 755 N.W.2d 57 (2008).
[26] State v. Reid, 274 Neb. 780, 743 N.W.2d 370 (2008).
[27] Id.
[28] See State v. Crowdell, supra note 23.
[29] State v. Hense, supra note 3.