17 Neb. App. 123
STATE OF NEBRASKA, APPELLEE,
v.
JESSE LANKFORD, APPELLANT.
No. A-08-460.
Court of Appeals of Nebraska.
Filed October 14, 2008.
Eric J. Williams, York County Public Defender, for appellant.
Jon Bruning, Attorney General, and Nathan A. Liss for appellee.
INBODY, Chief Judge, and MOORE and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
Jesse Lankford was convicted of driving under the influence (DUI), fourth offense, and his sentence included imprisonment, a fine, and a 15-year license revocation. The court ordered that the revocation commence upon Lankford's release from imprisonment. Lankford appeals, arguing that the term of imprisonment was excessive and that Neb. Rev. Stat. § 60-6,197.03 (Cum. Supp. 2006), which version was in effect at the time of Lankford's arrest, required that the period of license revocation run from the date of sentencing. Because we find § 60-6,197.03 is clear and unambiguous, we reject the latter argument, and because we also find no merit in his first argument, we affirm the judgment of the district court.

BACKGROUND
On June 1, 2007, Lankford was arrested for DUI after the vehicle he was driving hit a parked vehicle and Lankford was seen exiting his vehicle with open containers of alcohol. When Lankford was later apprehended, he failed a preliminary breath test and refused to submit to a blood test. The arresting officer believed that Lankford was too intoxicated to complete field sobriety tests. Lankford was then charged in district court with fourth-offense DUI, refusal to test, and failure to stop and furnish information.
Pursuant to a plea bargain, Lankford pled guilty to fourth-offense DUI and the other two charges were dismissed. The district court sentenced Lankford to 4 to 5 years' imprisonment, ordered him to pay a $1,000 fine, and revoked his license for 15 years. The court ordered that the license revocation begin upon Lankford's release from imprisonment.
Lankford timely appeals. Pursuant to Neb. Ct. R. App. P. § 2-111(E)(5)(a), no oral argument was allowed.

ASSIGNMENTS OF ERROR
Lankford assigns that the district court's sentence was excessive and an abuse of discretion. Lankford also assigns that the district court erred in ordering the license revocation to commence upon his release from imprisonment.

STANDARD OF REVIEW
[1] When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below. State v. Head, 276 Neb. 354, 754 N.W.2d 612 (2008).
[2] Whether an appellate court is reviewing a sentence for its leniency or its excessiveness, a sentence imposed by a district court that is within the statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of the trial court's discretion. State v. Antoniak, 16 Neb. App. 445, 744 N.W.2d 508 (2008).

ANALYSIS

License Revocation.
Lankford argues that Nebraska law prohibited the district court from ordering the 15-year license revocation to begin upon his release from imprisonment. Lankford argues that the language of § 60-6,197.03 requires that the period of revocation run from the day on which he was sentenced in district court.
Section 6,197.03(7) provides as follows:
[T]he court shall, as part of the judgment of conviction [for a fourth-offense DUI], order that the operator's license of such person be revoked for a period of fifteen years from the date ordered by the court . . . . Such orders shall be administered upon sentencing, upon final judgment of any appeal or review, or upon the date that any probation is revoked. (Emphasis supplied.) The Nebraska appellate courts have not previously addressed the interpretation of this version of § 60-6,197.03.
[3,4] In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. State v. Wester, 269 Neb. 295, 691 N.W.2d 536 (2005). Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. State v. Hense, 276 Neb. 313, 753 N.W.2d 832 (2008).
[5] The grammatical construction of § 60-6,197.03 mandates that a license revocation pursuant to this statute begin at the time appointed in the court's order. The phrase "ordered by the court" directly follows and modifies the word "date." This means that the date on which the revocation is to begin is the date that is "ordered by the court."
Lankford's argument assumes that the term "order" appearing early in the section must refer to the same thing as the term "ordered" appearing later in the section and that both terms refer to the date of sentencing. We note that the first time the term "order" is mentioned in § 60-6,197.03, the section directs the court to order a 15-year license revocation. Here, the term "order" is synonymous with the phrase "impose a sentence" and is used as a verb that functions as a command to the court. However, when the section uses the phrase "date ordered by the court," the term "ordered" has an entirely different meaning. In this context, "ordered" is technically a verb but is used as a past participle and thus modifies the word "date." Because the terms "order" and "ordered" were used in two entirely different grammatical contexts, we reject Lankford's assumption that both terms referred to the same thing.
[6] Lankford urges that § 60-6,197.03 is ambiguous and concludes that it should be interpreted in his favor. Although the rule of lenity requires a court to resolve ambiguities in a penal code in the defendant's favor, the touchstone of the rule of lenity is statutory ambiguity, and where the legislative language is clear, a court may not manufacture ambiguity in order to defeat that intent. State v. Ramirez, 274 Neb. 873, 745 N.W.2d 214 (2008). We will not construe this statute in Lankford's favor, because it is not ambiguous. Lankford cannot manufacture ambiguity by merely stating that he reads the statute in a different way.

Excessive Sentence.
Lankford also argues that the court imposed an excessive sentence. The factors to be considered by a sentencing court are well known, and we need not recite them here. See State v. Archie, 273 Neb. 612, 733 N.W.2d 513 (2007). When a sentence imposed within statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying these factors as well as any applicable legal principles in determining the sentence to be imposed. Id. The sentence imposed was within statutory limits, and we have examined the record concerning all relevant factors and applicable legal principles. We find no abuse of discretion by the district court in its determination of the sentence.

CONCLUSION
We find that the district court did not err in sentencing Lankford. The district court did not err in ordering that the 15-year license revocation prescribed in § 60-6,197.03 commence upon Lankford's release from imprisonment. The district court did not abuse its discretion in sentencing Lankford to 4 to 5 years' imprisonment.
AFFIRMED.