762 N.W.2d 287 (2009)
277 Neb. 161
STATE of Nebraska, appellee,
v.
Perry D. DAVIS, appellant.
No. S-08-316.
Supreme Court of Nebraska.
February 13, 2009.
*289 P. Stephen Potter, Gothenburg, and Barbara Brogan, Lexington, for appellant.
Jon Bruning, Attorney General, and Nathan A. Liss for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
CONNOLLY, J.

I. SUMMARY
In September 2007, a jury convicted Perry D. Davis of one count of first degree sexual assault and one count of sexual assault of a child. In March 2008, the district court sentenced him to 20 to 30 years' imprisonment for first degree sexual assault and 4 to 5 years' imprisonment for sexual assault of a child and the court ordered the sentences to run consecutively. Davis makes two arguments: The State failed to produce sufficient evidence to support the convictions, and the district court erred in imposing excessive sentences. We disagree and affirm as modified.

II. BACKGROUND
In 1992, Davis lived in Chadron, Nebraska, and began a relationship with the victim's mother who lived in Rushville, Nebraska. Against this background, the record reflects that Davis started to sexually assault the victim when she was age 4. The first incident occurred while Davis, his children, the victim, and her two brothers were driving on a county road between Hay Springs, Nebraska, and Chadron. Davis' son, who was 12 at the time, was driving because Davis was drinking. Davis was riding in the front passenger seat, with his daughter sitting on his lap. The victim was sitting on the console between the driver's seat and the passenger's seat. Davis asked the girls to switch places so that the victim could sit on his lap.
The victim testified that once she was sitting on his lap, Davis put his arms around her, put his hand up her dress, and inserted his fingers into her vagina. The victim told Davis to stop and attempted to pull away because it hurt, but Davis told her to sit still. Although Davis' daughter was sitting right next to her, the victim testified that she did not believe anyone could see what Davis was doing. After the car got a flat tire and stopped, the victim's younger brother asked if she was crying. The victim did not tell her brother what happened, and, after the tire was fixed, the victim got into the back seat. The victim *290 did not tell anyone about the incident until she was 14. Davis denies it occurred.
The victim testified that the next incident happened when she was 9 or 10. She was sleeping in her mother's bed and, upon waking up, realized that Davis had pulled up her shirt and was caressing her body. He was rubbing her stomach, her arms from the shoulders down to the hands, and her legs from the ankles to the inner thighs. The victim testified that the rubbing continued for 5 or 10 minutes and ended when she got up and went to the bathroom. Davis denied that this episode occurred.
In another incident, the victim testified that when she was 12, she was lying in her bed when Davis came into her room and began rubbing her buttocks. Davis took off the victim's pants and underwear, took his own pants off, and climbed into bed with her. The victim said, "`What are you doing?'" and then she felt Davis' penis on her leg. Davis did not insert his penis, but he did insert his fingers into her vagina. The victim got scared, started crying, and ran to the bathroom. At trial, the victim testified that during this incident, Davis penetrated her vagina with his fingers. Previously, however, the victim had told an investigator that no penetration occurred during this incident.
The victim did not tell anyone about any of these incidents until she was 14, when she told a friend. The victim told her mother about the abuse for the first time in March 2006, when she was 17. Her mother confronted Davis with the victim's accusations, and he denied them. Davis continued to live with the victim's family periodically during the summer of 2006.
The victim testified that in July or August 2006, she confronted Davis. When Davis was standing in her family's kitchen with her mother and her two brothers, the victim grabbed a knife, held it to Davis' neck, and threatened to stab him if he did not tell the truth about the assaults. The victim eventually put the knife down, at which point Davis said that the victim was lying to get attention. The victim's mother testified that the victim then started hitting and kicking Davis and that one of the victim's brothers had to take Davis home. Later, Davis called the victim's mother and told her that if they pressed charges against him, he would kill himself.
In the fall of 2006, the victim reported the sexual abuse to the guidance counselor at her school. The victim was pregnant at the time and testified that she was worried that Davis would be a threat to her child. At trial, Davis testified that he never had any inappropriate contact with the victim. The jury convicted Davis of one count of first degree sexual assault and one count of sexual assault of a child.

III. ASSIGNMENTS OF ERROR
Davis assigns, consolidated and restated, that there was insufficient evidence to support his convictions and that the district court erred in imposing excessive sentences.

IV. STANDARD OF REVIEW
When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1] And in our review, we do not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Those matters are for the finder *291 of fact.[2] In summary, a defendant that asserts an insufficiency of the evidence claim has a steep hill to climb.

V. ANALYSIS

1. SUFFICIENCY OF EVIDENCE

(a) First Degree Sexual Assault
In February 2007, the State charged Davis with first degree sexual assault "on or about February 24, 1993, to February 24, 2002." In 1993, when this offense initially occurred, a person committed first degree sexual assault if they subjected "another person to sexual penetration [when] the actor is nineteen years of age or older and the victim is less than sixteen years of age."[3] Sexual penetration included
sexual intercourse in its ordinary meaning, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of the actor's or victim's body or any object manipulated by the actor into the genital or anal openings of the victim's body which can be reasonably construed as being for nonmedical or nonhealth purposes.[4]
Davis first contends that the evidence is insufficient to support his conviction for first degree sexual assault. He argues that the State failed to present corroborating evidence and that the victim's testimony is not credible. This argument conflicts with Nebraska's penal statutes. Davis apparently overlooks the 1989 enactment of Neb.Rev.Stat. § 29-2028 (Reissue 1995). Since 1989, the State has not been required to corroborate a victim's testimony in cases of first degree sexual assault.[5] So, the victim's testimony alone is sufficient if believed by the finder of fact. Davis' argument fails.
Davis' second claim, that the victim's testimony was unreliable, also fails. Remember, we do not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence.[6] A conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction.[7] Only where evidence lacks sufficient probative value as a matter of law may an appellate court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt.[8] And our standard of review for criminal cases requires substantial deference to the factual findings made by the jury.[9]
The victim testified that when she was 4, Davis digitally penetrated her vagina while riding in a vehicle with other family members. Because there was sexual penetration, the incident fulfills all the elements of first degree sexual assault. While Davis denied these allegations, a jury determined otherwise. We conclude the State presented sufficient evidence to prove the first degree sexual assault conviction beyond a reasonable doubt.

*292 (b) Sexual Assault of a Child
Davis also contends that the record lacks sufficient evidence to support his conviction for sexual assault of a child. He argues that the statute required the State to prove that the victim experienced "`serious personal injury'" because of the assault.[10] We disagree. Davis' argument presents an issue of statutory construction, and if the language of a statute is clear, the words of the statute are the end of our inquiry.[11]
A person commits sexual assault of a child if he or she subjects another person 14 years of age or younger to sexual contact and the actor is at least 19 years of age or older.[12] Section 28-318(5) defines sexual contact to mean
the intentional touching of the victim's sexual or intimate parts or the intentional touching of the victim's clothing covering the immediate area of the victim's sexual or intimate parts. Sexual contact shall also mean the touching by the victim of the actor's sexual or intimate parts or the clothing covering the immediate area of the actor's sexual or intimate parts when such touching is intentionally caused by the actor. Sexual contact shall include only such conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification of either party.
Intimate parts mean the genital area, groin, inner thighs, buttocks, or breasts.[13]
Simply put, we see nothing in §§ 28-318(5) or 28-320.01(1) that shows a serious personal injury was a statutory element when Davis committed his crime. Thus, his serious personal injury argument also fails.

2. THE DISTRICT COURT COMMITTED PLAIN ERROR WITH THE SENTENCE IMPOSED ON COUNT II
The district court sentenced Davis to 4 to 5 years' imprisonment for his conviction of sexual assault of a child. Before July 1998, sexual assault of a child, as defined in § 28-320.01, was a Class IV felony.[14] In 1998, the Legislature reclassified it as a Class IIIA felony.[15] Thus, during the applicable time-frameFebruary 1993 to February 2002sexual assault of a child was both a Class IV and a Class IIIA felony. Because the State clearly charged and convicted Davis of the crime as a Class IV felony, we will review his sentence as a Class IV felony.
Although not raised in Davis' brief, the State brings to our attention that during the applicable timeframe, the Legislature amended the Class IV felony sentencing statutes. Before July 1998, Davis' indeterminate sentence of 4 to 5 years' imprisonment for a Class IV felony conviction was a valid sentence. As of July 1998, however, the minimum portion of an indeterminate sentence imposed on a Class IV felony cannot exceed one-third of the maximum term provided by law; i.e., no more than 20 months' imprisonment.[16] Thus, during the applicable timeframe, the Legislature shortened the maximum minimum sentence for a Class IV felony.
*293 In State v. Urbano,[17] we analyzed the effect of a change in a sentencing statute after the criminal act was committed but before a final judgment is entered. We concluded that "where a criminal statute is amended by mitigating the punishment, after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature has specifically indicated otherwise."[18] In this case, there is not a final judgment until the entry of a final mandate by this court.[19]
The charges filed against Davis and the jury instructions state that these crimes began before 1998. So, Davis is entitled to the benefit of the amendment, because the criminal statute was amended after the criminal act but before a final judgment.
We modify the minimum portion of Davis' sentence so that it does not exceed the maximum minimum permitted by law for a Class IV felony indeterminate sentence.[20] Thus, we modify Davis' sentence to a term of 20 months' to 5 years' imprisonment.

3. EXCESSIVE SENTENCES
Finally, Davis argues that his sentences are excessive. A jury convicted Davis of first degree sexual assault, a Class II felony under § 28-319. Neb.Rev. Stat. § 28-105 (Reissue 2008) provides that a Class II felony is punishable by a minimum of 1 year's imprisonment and a maximum of 50 years' imprisonment. The sentence of 20 to 30 years' imprisonment on that conviction was within the statutory range of 1 to 50 years' imprisonment. Davis was also convicted of sexual assault of a child, a Class IV felony.[21] Under the amended sentencing guidelines, a Class IV felony is punishable by a maximum of 5 years' imprisonment, a $10,000 fine, or both, and has no minimum sentence.[22] Davis' modified sentence of 20 months' to 5 years' imprisonment is within the statutory range.
Because the sentences imposed on Davis fall within the statutory sentencing limits, we review the sentences for an abuse of discretion.[23] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[24] The appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.[25] We have listed factors that control any sentence imposed by the district court:
"In imposing a sentence, a judge should consider the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission *294 of the crime."[26]
Furthermore, the seriousness of the offense is an important factor in the setting of a sentence.[27] Considering all relevant factors, we conclude that the sentences are not an abuse of discretion.
Davis has an extensive criminal record that dates back to 1975. He has numerous convictions as an adult, most of which involve alcohol. Davis has been incarcerated for three of those convictions. He was imprisoned for two separate 30-day sentences in Nebraska for driving under the influence and was imprisoned for 18 months in South Dakota for his third driving under the influence offense in that state.
Davis was in his early thirties at the time he began sexually assaulting the victim when she was 4 years old. He continued to assault her until she was 12 years old. Although the victim did not suffer permanent physical injury, she no doubt has endured and will continue to endure psychological trauma throughout her life. While reports indicate that Davis is at low risk for recidivism, the district court correctly concluded that any sentence less than incarceration would promote disrespect for the law and depreciate the seriousness of Davis' acts.

VI. CONCLUSION
We conclude that the sentence imposed by the trial court for the first degree sexual assault conviction is not an abuse of discretion. We also conclude that Davis' sentence for sexual assault of a child, as modified, is not an abuse of discretion.
AFFIRMED AS MODIFIED.
NOTES
[1] State v. Davis, 276 Neb. 755, 757 N.W.2d 367 (2008).
[2] Id.; State v. Iromuanya, 272 Neb. 178, 719 N.W.2d 263 (2006).
[3] Neb.Rev.Stat. § 28-319(1)(c) (Reissue 1989).
[4] Neb.Rev.Stat. § 28-318(6) (Reissue 1989).
[5] See 1989 Neb. Laws, L.B. 443 (effective Mar. 15, 1989).
[6] See Davis, supra note 1.
[7] State v. Schreiner, 276 Neb. 393, 754 N.W.2d 742 (2008).
[8] State v. Ramsay, 257 Neb. 430, 598 N.W.2d 51 (1999).
[9] See, Davis, supra note 1; Iromuanya, supra note 2.
[10] Brief for appellant at 11.
[11] See State v. Rhea, 262 Neb. 886, 636 N.W.2d 364 (2001).
[12] Neb.Rev.Stat. § 28-320.01(1) (Cum.Supp. 1992).
[13] § 28-318(2).
[14] See § 28-320.01 (Cum.Supp. 1996).
[15] Compare § 28-320.01 (Cum.Supp. 1992 & Cum.Supp.1996) with § 28-320.01(3) (Cum. Supp.1998).
[16] Neb.Rev.Stat. § 29-2204(1)(a)(ii)(A) (Reissue 2008).
[17] State v. Urbano, 256 Neb. 194, 589 N.W.2d 144 (1999).
[18] Id. at 206, 589 N.W.2d at 154.
[19] See id. See, also, State v. Gales, 265 Neb. 598, 658 N.W.2d 604 (2003).
[20] See Urbano, supra note 17. See, also, State v. Hedglin, 192 Neb. 545, 222 N.W.2d 829 (1974).
[21] § 28-320.01(2) (Cum.Supp.1992).
[22] See §§ 28-105 and 29-2204(1)(a)(ii)(A).
[23] See Davis, supra note 1.
[24] Id.; State v. Reid, 274 Neb. 780, 743 N.W.2d 370 (2008).
[25] Id.; Iromuanya, supra note 2.
[26] Davis, supra note 1, 276 Neb. at 763, 757 N.W.2d at 374-75.
[27] State v. Riley, 242 Neb. 887, 497 N.W.2d 23 (1993).