772 N.W.2d 868 (2009)
278 Neb. 585
STATE of Nebraska, Appellee,
v.
Jimmel W. FULLER, Appellant.
No. S-08-1253.
Supreme Court of Nebraska.
October 2, 2009.
*869 Dennis R. Keefe, Lancaster County Public Defender, and Matthew G. Graff, for appellant.
Jon Bruning, Attorney General, and Stacy M. Foust, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
WRIGHT, J.

NATURE OF CASE
Jimmel W. Fuller pled no contest to third degree assault; driving under the influence, first offense; and driving during suspension, second offense, in Lancaster County District Court. The court accepted Fuller's pleas, found him guilty, and sentenced him to prison terms of 1 year, 30 days, and 90 days, respectively, to be served concurrently. The court also revoked his operator's license for 2 years beginning on the date he is released from prison or placed on parole, whichever is first.

SCOPE OF REVIEW
An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. State v. Davis, 277 Neb. 161, 762 N.W.2d 287 (2009).
Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. State v. Dragoo, 277 Neb. 858, 765 N.W.2d 666 (2009).

FACTS
On April 8, 2008, Fuller caused an automobile accident in Lincoln, Nebraska, by turning in front of another vehicle. The driver of the other vehicle suffered bodily injury as a result of the accident. Fuller fled the scene of the accident on foot but was subsequently apprehended. It was then discovered that his blood alcohol level was in excess of the legal limit for driving a motor vehicle and that he had been driving with a suspended license.
Fuller was initially charged with leaving the scene of an injury accident, a Class *870 IIIA felony; driving under the influence, first offense, a Class W misdemeanor; and driving during suspension, second offense, a Class II misdemeanor. Pursuant to a plea agreement, the first charge was amended to third degree assault, a Class I misdemeanor. He pled no contest and was sentenced to terms of imprisonment of 1 year, 30 days, and 90 days, respectively. The court ordered that these sentences be served concurrently to each other, but consecutively to the sentence Fuller was then serving on unrelated charges. The court also revoked Fuller's operator's license for 2 years in connection with the driving under the influence and driving during suspension convictions and ordered the revocation to commence upon Fuller's release from prison or his placement on parole, whichever came first.
Fuller timely appeals, Pursuant to Neb. Ct. R. App. P. § 2-111(E)(5)(a), no oral argument was allowed.

ASSIGNMENTS OF ERROR
Fuller claims that the district court abused its discretion by imposing excessive sentences. He also claims that the court erred in ordering that his operator's license revocation not begin until his release from prison or until he is placed on parole.

ANALYSIS

EXCESSIVE SENTENCES
Fuller claims that the district court abused its discretion in sentencing him to prison instead of placing him on probation, because he was already incarcerated on another offense. He argues that because he was already in prison, the sentences did not have a deterrent effect and did not strike the correct balance between the protection of the public and Fuller's rehabilitative needs.
The court-ordered presentence investigation report details Fuller's lengthy criminal history, including robbery, three convictions for false information, three convictions for possession of marijuana, possession of a stolen firearm, failure to appear, three counts of failing to carry an operator's license, driving on the sidewalk, disorderly conduct, obstructing the administration of law, open container, possession of a controlled substance, assault, third degree domestic assault, suspended license, two counts of violation of protection order, and driving during revocation, second offense. He has served multiple jail terms, and at the time of sentencing, he was incarcerated on charges unrelated to those at issue in this case.
Fuller was found guilty of a Class I misdemeanor, a Class W misdemeanor, and a Class II misdemeanor. A Class I misdemeanor is punishable by up to 1 year's imprisonment, a $1,000 fine, or both. Neb.Rev.Stat. § 28-106 (Reissue 2008). A Class W misdemeanor, first offense, is punishable by up to 60 days' imprisonment and a $500 fine. Id. A Class II misdemeanor is punishable by up to 6 months' imprisonment, a $1,000 fine, or both. Id.
An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. State v. Davis, 277 Neb. 161, 762 N.W.2d 287 (2009). Fuller's sentences are within these limits. Considering the seriousness of the charges and Fuller's extensive criminal history, the district court did not abuse its discretion in imposing the sentences. This assignment of error is without merit.

LICENSE REVOCATION
Fuller also claims that the language of Neb.Rev.Stat. § 60-4,108 (Reissue 2004) prohibits the district court from ordering the mandatory 2-year operator's license revocation to begin upon his release from incarceration or placement on parole, instead of the date that the court issued the order of sentence.
*871 The relevant portion of § 60-4,108 states that for individuals convicted of second and subsequent offenses of operating a motor vehicle during any period that his or her operator's license is suspended, the court is to "order such person not to operate any motor vehicle for any purpose for a period of two years from the date ordered by the court and also order the operator's license of such person to be revoked for a like period." (Emphasis supplied.) Fuller claims that the phrase "from the date ordered by the court" is ambiguous because it is not clear whether the sentence is to run from the date that the court issued its sentencing order or from the date selected by the court.
In State v. Nelson, 276 Neb. 997, 759 N.W.2d 260 (2009), we considered the meaning of the phrase "from the date ordered by the court" with regard to Neb. Rev.Stat. § 39-669.07 (Cum. Supp. 1990) (now located at Neb.Rev.Stat. § 60-6,197.03(4) (Cum. Supp. 2008)). Section 39-669.07 provided for a 15-year license revocation period for individuals convicted of third-offense driving under the influence and contained language similar to § 60-4,108, ordering that a license revocation run "from the date ordered by the court." The defendant in Nelson argued that because the sentencing order did not specify when the 15-year revocation period began, it necessarily began on the date he pled guilty to the charges and the court "ordered" him to turn over his license while he was released on bail before sentencing. He argued that the sentence began with his condition of bail.
We held that the language "from the date ordered by the court" referred to the date that the court ordered the 15-year license revocation, and not from any other date of any other order affecting the defendant's license. State v. Nelson, supra. Because the court in Nelson did not specify a date for the 15-year period to begin, it necessarily began on the day the court imposed the sentence and not before. Unlike Nelson, the court in this case specified that Fuller's license revocation is to begin on either the date he is released from prison or the date he is placed on parole, whichever is earlier.
The Nebraska Court of Appeals considered this issue with regard to § 60-6,197.03 (Cum. Supp. 2006) in State v. Lankford, 17 Neb.App. 123, 756 N.W.2d 739 (2008). Section 60-6,197.03 contained language similar to § 60-4,108, ordering that a license revocation run "from the date ordered by the court." Noting that the word "ordered" modifies "date," the Court of Appeals held that the revocation begins on the date selected by the court in its sentencing order, and not on the date that the court issues its sentencing order. State v. Lankford, supra.
Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. State v. Hense, 276 Neb. 313, 753 N.W.2d 832 (2008). As plainly stated in the language of § 60-4,108, a license revocation is to begin on the date that is ordered by the court. Obviously, some drivers may not be in a position to drive until they have served their sentence of incarceration. Therefore, the court is given the discretion to determine when the license revocation pursuant to § 60-4,108 is to begin, including after the completion of a period of confinement. This is, in fact, what the court chose to do in Fuller's case.
Although the rule of lenity requires a court to resolve ambiguities in a penal code in the defendant's favor, the touchstone of the rule of lenity is statutory ambiguity, and where the legislative language is clear, a court may not manufacture ambiguity in order to defeat that intent. *872 State v. Ramirez, 274 Neb. 873, 745 N.W.2d 214 (2008). Section 60-4,108 is not ambiguous. The language "from the date ordered by the court," see id., clearly means "from the date selected by the court," giving the district court the discretion to determine the beginning date of the operator's license revocation. Accordingly, this assignment of error is without merit.

CONCLUSION
We conclude that the district court did not abuse its discretion in sentencing Fuller to 1 year's imprisonment and did not err or abuse its discretion in ordering the 2-year license revocation set forth in § 60-4,108 to begin when Fuller is released from imprisonment or placed on parole. The judgment of the district court is affirmed.
AFFIRMED.