Nebraska Supreme Court Online Library
www.nebraska.gov/courts/epub/
01/26/2016 09:04 AM CST

State of Nebraska, appellee, v.
Perry D. Davis, appellant.
___ N.W.2d ___

Filed January 26, 2016.    No. A-14-583.

1. **Postconviction: Right to Counsel.** There is no federal or state constitutional right to an attorney in state postconviction proceedings.
2. **Constitutional Law: Postconviction: Right to Counsel.** The rule that when counsel is court appointed, the defendant does not have a constitutional right to counsel of his or her choice, is equally applicable when counsel is appointed in postconviction cases.
3. **Postconviction: Proof: Appeal and Error.** In postconviction appeals, a defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.
4. **Postconviction: Appeal and Error.** An appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion.
5. **Motions for New Trial: Evidence: Proof.** One moving for new trial on the basis of newly discovered evidence must show that the evidence was uncovered since the trial, that the evidence was not equally available before the trial, and that the evidence was not simply discovered by the exercise of belated diligence.
6. **Judgments: Proof: Appeal and Error.** One seeking a writ of error coram nobis has the burden to prove entitlement to such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.
7. **Judgments: Evidence: Appeal and Error.** The purpose of the writ of error coram nobis is to bring before the court rendering judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition. It enables the court to recall some adjudication that was made while some fact existed which would have

prevented rendition of the judgment but which, through no fault of the party, was not presented.

8. **Convictions: Proof: Appeal and Error.** The burden of proof in a proceeding to obtain a writ of error coram nobis is upon the plaintiff, and the alleged error of fact must be such as would have prevented a conviction; it is not enough to show that it might have caused a different result.

9. **Judgments: Appeal and Error.** The writ of error coram nobis is not available to correct errors of law such as claims of errors or misconduct at trial and ineffective assistance of counsel.

10. ____: ____. The use of coram nobis is limited because not only are all errors of law excluded, but also because all errors of fact which were, could have been, or should have been reviewed using any statutory remedy are likewise excluded.

11. **Criminal Law: Statutes.** Criminal procedures are unavailable in a criminal proceeding where they are not authorized by statute.

Appeal from the District Court for Sheridan County: TRAVIS P. O'GORMAN, Judge. Affirmed.

Perry D. Davis, pro se.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

MOORE, Chief Judge, and INBODY and BISHOP, Judges.

INBODY, Judge.

## INTRODUCTION

Perry D. Davis appeals from the April 28, 2014, order of the Sheridan County District Court denying his request for appointment of substitute counsel, his motion to submit newly discovered evidence, his writ of error coram nobis, and any postconviction relief sought, as well as dismissing "all filings and motions currently pending."

## PROCEDURAL BACKGROUND

In September 2007, a jury convicted Davis of first degree sexual assault, a Class II felony, and sexual assault of a child, a Class IV felony at the time. *State v. Davis*, 277 Neb. 161, 762 N.W.2d 287 (2009). In March 2008, he was sentenced to

20 to 30 years' imprisonment on the former conviction and 4 to 5 years' imprisonment on the latter conviction. *Id.* Davis was represented by one attorney during trial and another attorney for sentencing and his direct appeal. On direct appeal, Davis alleged that the evidence was insufficient to support his convictions and that the sentences imposed were excessive. *Id*. Davis' convictions were affirmed by the Nebraska Supreme Court; however, due to changes in the felony sentencing statutes during the relevant time period, the court modified the Class IV felony sentence from 4 to 5 years' imprisonment to a term of 20 months' to 5 years' imprisonment. *Id*.

In February 2010, Davis filed a motion for postconviction relief, alleging various ways in which his trial and appellate counsel were ineffective and that there was prosecutorial misconduct during trial. That same day, Davis filed a motion to amend, in which he sought to expand his claims of ineffective assistance of counsel and also alleged that his trial counsel, along with the prosecutor and the court, conspired against him to fabricate the existence of a preliminary hearing. In November 2010, the district court denied Davis' motion without an evidentiary hearing or appointment of counsel. We affirmed the denial of his first motion for postconviction relief by memorandum opinion. *State v. Davis*, No. A-10-1212, 2012 WL 1869203 (Neb. App. May 22, 2012) (selected for posting to court Web site). We noted that because Davis was represented by different counsel on direct appeal, the only issue raised in his motion for postconviction relief which was not procedurally barred was his allegation of ineffective assistance of appellate counsel, and that this allegation was without merit. See *id*. Davis' other allegations, including ineffective assistance of trial counsel, violation of his right to due process, violation of his right against self-incrimination, and violation of his right to a fair trial, could have been raised on direct appeal and were procedurally barred. *Id*. Davis filed a motion for rehearing and a petition for further review, both of which were denied.

On August 17, 2012, Davis filed a "First Amended Verified Motion; or Second Verified Motion for Postconviction Relief and Incorporated Memorandum Brief." Three days later, the State filed a motion to dismiss without a hearing or the appointment of counsel.

In August 2012, Davis filed a "Request for Investigation; Motion for Rehearing on Defendant's Filed Motion to Take Judicial Notice of Postconviction Supplemental Pleadings That Were Not Ruled on and Remain Open; Motion to Amend Postconviction Motion Was Not Ruled on and Remain[s] Open; Proffered Evidence Was Not Ruled on and Remain[s] Open." A hearing was held on July 19, 2013, to address motions filed by Davis. During the course of this hearing, it was brought to the court's attention that the motion to submit newly discovered evidence previously filed by Davis had never been heard, so the court appointed counsel to assist Davis for purposes of the hearing on that motion. During the hearing, the State also informed the court that Davis' motion for postconviction relief filed in August 2012 had not been ruled upon. Finally, on the date of the hearing, Davis had filed an application for writ of error coram nobis. The court delayed ruling on these motions and told Davis that he would have an opportunity to discuss with his court-appointed attorney the best way to proceed.

Despite having an attorney appointed to represent him at the July 19, 2013, hearing, Davis continued to file numerous pleadings. On July 24, Davis filed a "Complaint and Objection and Motion to Alter or Amend Judgments," and in August, he filed an "Objection and Motion to Alter or Amend Judgment." In September, he filed a "Complaint and Motion Against Court Appointed Attorney." In October, he filed an "Objection to Deposition and Demand for Review of Deposition" and a "Motion to Amend Objection to Deposition and Demand for Review of Deposition," in which he objected to the deposition which had been taken of him by his own attorney.

Davis' prolific filing of motions continued in 2014, with him filing motions including a "Complaint and Motion for Hearing and Motion for Continuance" and a "Motion to Alter or Amend Judgment; Motion to Appoint New Counsel and Incorporated Evidence in Support Therof [sic]; Motion for Continuance; Motion for Hearing" in January; a "Motion to Submit Evidence in Support of Motion to Alter or Amend Judgment, Motion to Appoint New Counsel and Incorporated Evidence in Support Therof [sic], Motion for Continuance and Motion for Hearing" and a "Motion to Submit More Evidence in Support of Motion to Alter or Amend Judgment and Motion to Appoint New Counsel" in February; and a "Motion to Submit More Evidence in Support of Motion to Appoint [sic] New Counsel and in Support of Objection to Deposition; Objection to Deposition and Motion to Amend Deposition; Motion for Hearing" in March.

On February 28, 2014, a hearing was held on Davis' motion to appoint new counsel. The court denied this request in an order filed on April 28. In this order, the court also dismissed "all filings and motions currently pending." The court noted that none of the alleged "newly discovered evidence" was actually newly discovered; Davis' complaint that his son was not called to testify by trial counsel should have been raised previously and was procedurally barred because the witness was available at the time of trial, but simply was not called as a witness. The court similarly denied Davis' writ of error coram nobis, stating that there were no matters of fact unknown to Davis that would have changed the result in this case and that there was no basis in law or fact to his writ of error coram nobis. Finally, the court stated that to the extent that Davis sought postconviction relief, his request was denied. On May 6, Davis filed a motion to alter or amend the judgment, which was denied on June 5. Additionally, a motion to submit amended deposition of the defendant which Davis had filed in April was also denied. Davis filed his notice of appeal on June 30.

## ASSIGNMENTS OF ERROR

Davis' claims on appeal can be consolidated and restated into the following assignments of error: The district court erred in denying (1) his request for appointment of replacement counsel, (2) his motion for postconviction relief, (3) his motion to submit newly discovered evidence, and (4) his writ of error coram nobis, as well as in (5) dismissing "all filings and motions currently pending."

## ANALYSIS

*Appointment of Replacement Counsel.*

Davis contends that the district court erred in denying his request for appointment of replacement counsel.

[1,2] Under the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 through 29-3004 (Reissue 2008 & Cum. Supp. 2014), it is within the discretion of the trial court as to whether counsel shall be appointed to represent the defendant. See, *State v. Bao*, 269 Neb. 127, 690 N.W.2d 618 (2005); *State v. Al-Zubaidy*, 263 Neb. 595, 641 N.W.2d 362 (2002). There is no federal or state constitutional right to an attorney in state postconviction proceedings. *State v. Wetherell*, 289 Neb. 312, 855 N.W.2d 359 (2014); *State v. McGhee*, 280 Neb. 558, 787 N.W.2d 700 (2010). Further, we find the rule that when counsel is court appointed, the defendant does not have a constitutional right to counsel of his or her choice, to be equally applicable when counsel is appointed in postconviction cases. See, *State v. Schlund*, 249 Neb. 173, 542 N.W.2d 421 (1996) (order disqualifying public defender did not affect substantial right of defendant, and thus was not final, appealable order that created appellate jurisdiction; when counsel is court appointed, defendant does not have constitutional right to counsel of his or her choice); *State v. Davis*, 6 Neb. App. 790, 577 N.W.2d 763 (1998) (district court properly decided that trial court's failure to appoint defendant substitute trial counsel did not afford grounds for postconviction relief). The district court found that the breakdown in the attorney-client relationship was primarily the result of Davis' refusal to work

with counsel. The court did not err in denying Davis' request for appointment of replacement counsel.

*Motion for Postconviction Relief.*

Davis contends that the district court erred in denying his motion for postconviction relief. Davis filed his first motion for postconviction relief in February 2010, which was denied by the district court. This denial was affirmed by this court by memorandum opinion. *State v. Davis*, No. A-10-1212, 2012 WL 1869203 (Neb. App. May 22, 2012) (selected for posting to court Web site).

[3,4] In postconviction appeals, a defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Diaz*, 283 Neb. 414, 808 N.W.2d 891 (2012); *State v. Lee*, 282 Neb. 652, 807 N.W.2d 96 (2011). An appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion. *State v. Wetherell, supra*; *State v. Watkins*, 284 Neb. 742, 825 N.W.2d 403 (2012). Davis' second motion for postconviction relief does not affirmatively show on its face that his claims for relief were not available at the time he filed his first motion for postconviction relief, and as such, it is procedurally barred. Thus, the district court did not err in denying Davis' request for postconviction relief.

*Motion to Submit Newly Discovered Evidence.*

Davis contends that the district court erred in denying his request to submit newly discovered evidence.

[5] A new trial can be granted on various grounds materially affecting the substantial rights of the defendant, including "newly discovered evidence material for the defendant which he or she could not with reasonable diligence have discovered and produced at the trial." Neb. Rev. Stat. § 29-2101(5) (Reissue 2008). One moving for new trial on the basis of newly

discovered evidence must show that the evidence was uncovered since the trial, that the evidence was not equally available before the trial, and that the evidence was not simply discovered by the exercise of belated diligence. *State v. Van*, 268 Neb. 814, 688 N.W.2d 600 (2004); *State v. Jackson*, 264 Neb. 420, 648 N.W.2d 282 (2002).

The district court noted that none of the alleged "newly discovered evidence" was actually newly discovered; Davis' complaint that his son was not called to testify by trial counsel should have been raised previously and was procedurally barred. Further, the court noted that the testimony was not newly discovered; the witness was available at the time of trial, but simply was not called as a witness. It is clear that Davis' evidence was not "newly discovered," and the district court properly denied his request.

*Writ of Error Coram Nobis.*

Davis also contends that the district court erred in denying his writ of error coram nobis.

[6] One seeking a writ of error coram nobis has the burden to prove entitlement to such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Diaz, supra*.

[7,8] The purpose of the writ of error coram nobis is to bring before the court rendering judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition. *State v. Sandoval*, 288 Neb. 754, 851 N.W.2d 656 (2014). It enables the court to recall some adjudication that was made while some fact existed which would have prevented rendition of the judgment but which, through no fault of the party, was not presented. *State v. El-Tabech*, 259 Neb. 509, 610 N.W.2d 737 (2000). The burden of proof in a proceeding to obtain a writ of error coram nobis is upon the plaintiff, and the alleged error of fact must be such as would have prevented a conviction; it is not enough to show that it might have caused a different result. *Id*.

[9,10] The writ of error coram nobis is not available to correct errors of law such as claims of errors or misconduct at trial and ineffective assistance of counsel. *State v. Hessler*, 288 Neb. 670, 850 N.W.2d 777 (2014). Further, the use of coram nobis is limited because not only are all errors of law excluded, but also because all errors of fact which were, could have been, or should have been reviewed using any statutory remedy are likewise excluded. *State v. El-Tabech, supra.*

The district court denied Davis' writ of error coram nobis, finding that there were no matters of fact unknown to Davis that would have changed the result in his case and that there was "absolutely no basis in law or fact" to Davis' writ of error coram nobis. Davis' writ complains about a conspiracy to circumvent justice in his case and commit fraud upon the court. None of Davis' complaints are facts that would have prevented judgment in his case. The district court properly denied Davis' writ of error coram nobis.

*Dismissal of "All Filings and
Motions Currently Pending."*

[11] Finally, Davis contends that the district court erred in dismissing all his filings and motions currently pending. Because criminal procedures are unavailable in a criminal proceeding where they are not authorized by statute, the district court did not err in dismissing Davis' remaining filings and motions on file. See *State v. Rodriguez-Torres*, 275 Neb. 363, 746 N.W.2d 686 (2008).

## CONCLUSION

Having considered Davis' assignments of error, as consolidated and restated by this court, we find them to be without merit. The decision of the district court is affirmed in its entirety.

Affirmed.