IN RE GUARDIANSHIP OF SUEZANNE P.,
A CHILD UNDER 18 YEARS OF AGE.
DODGE COUNTY, APPELLANT, V. HELEN B., APPELLEE.
578 N.W. 2d 64

Filed April 7, 1998.   No. A-97-628.

Dean Skokan, Dodge County Attorney, for appellant.

No appearance for appellee.

MILLER-LERMAN, Chief Judge, and IRWIN and INBODY, Judges.

PER CURIAM.

## I. INTRODUCTION

Dodge County (County) appeals from an order of the Dodge County Court awarding attorney fees to an attorney appointed to represent an interested party in a guardianship proceeding. Because the county court lacked the authority to order the County to pay these fees, we vacate the order.

## II. BACKGROUND

The praecipes for transcript and bill of exceptions requested all filings and all proceedings. There is no bill of exceptions because there were no proceedings recorded. We note that as addressed more fully below, the record in this case presents a myriad of significant difficulties.

On January 24, 1996, a petition for appointment of a guardian was filed in the Dodge County Court, in which Helen B. sought to be appointed guardian of her great-granddaughter, Suezanne P. At some point in time, an attorney was apparently appointed by the court to represent Suezanne's mother, although no order in the record reflects this. On May 2, 1997,

Suezanne's mother filed a document consenting to the appointment of Helen as guardian. On May 12, the court entered an order appointing Helen as guardian.

On May 15, 1997, the attorney appointed by the court to represent Helen filed an application for allowance of attorney fees. The application included an order, which was completed and signed by the county court judge on the same date. Although the order indicates that the "matter came on for Hearing," there is no bill of exceptions in this case to indicate that any such hearing ever occurred.

On May 21, 1997, the County filed an "Objection to Payment of Attorney's Fees." The County asserted that the court file contained no court order appointing counsel at public expense, that the file contained no determination of indigency, and that there is no statutory authority for appointing counsel in this case. The record does not contain any ruling on this objection, and we will not address these specific allegations. See *Toombs v. Driver Mgmt., Inc.*, 248 Neb. 1016, 540 N.W.2d 592 (1995). Nonetheless, the County timely filed an appeal from the order which granted the appointed counsel's application for fees.

### III. ASSIGNMENTS OF ERROR

On appeal, the County has assigned two errors. The County asserts that the county court erred in ordering the County to pay attorney fees and that the county court failed to provide the County with procedural due process. As noted, there is no bill of exceptions because, according to an affidavit of the court stenographer, "no tape recording was made in connection with the case." The record is, therefore, limited to a transcript. In such cases, the issue on appeal is the sufficiency of the pleadings to support the judgment. *Howard v. Howard*, 234 Neb. 661, 452 N.W.2d 283 (1990); *Buda v. Humble*, 2 Neb. App. 872, 517 N.W.2d 622 (1994).

### IV. ANALYSIS

#### 1. RECORD

We initially feel compelled to note the significant difficulties presented by the record in this case. The record in this case is inadequate for numerous reasons. Initially, the record is lacking various orders and other documents which clearly should have

been filed and made part of the court file. As noted above, there is no order anywhere in the record reflecting that counsel was appointed for Suezanne's mother. It is apparent that such was done, but the order is not present for our review. Additionally, there is no application for appointment of counsel in the record. As discussed below, it is apparent that Suezanne's mother sent a motion for appointment of counsel, as well as a motion seeking in forma pauperis status and a poverty affidavit. None of these documents are properly in the record, nor are the court's rulings on any of these motions or requests properly in the record.

The foregoing are the documents which we can deduce were filed at some time but do not appear in the record. There is no explanation for why these items were not made part of the record. The county court clerk filed a certification that the entire court file was included in the transcript, and as such, we can only conclude that these documents were never made part of the file.

The record also presents difficulty for us because there are items in the transcript which clearly do not belong in the court file and which clearly are not properly before us. For unexplained reasons, the transcript includes a letter authored by the Dodge County Attorney to the county court judge concerning these proceedings. The letter references the county board's desire not to pay these attorney fees and includes some form of proposal as to how the matter can be resolved without the County resorting to appealing from the court's order. Aside from the troubling nature and subject matter of this letter, it is clearly not a document filed with the court which should have been in the court file or which should be in the record before us.

The record also contains documents prepared by the county court judge. First, the record contains an affidavit of the county court judge, in which he testifies that he did appoint counsel to represent Suezanne's mother in response to a letter from the mother. Attached to the affidavit are copies of the letter, a motion for leave to proceed in forma pauperis, a poverty affidavit, and a motion for appointment of counsel. Also attached is a copy of an unsigned order granting Suezanne's mother in forma pauperis status and granting her poverty affidavit. With the exception of the letter from Suezanne's mother

to the court, none of these documents bear a court file stamp. Additionally, the referenced order is not signed and does not include a date. This affidavit, as well as the items attached to it, are not properly in the record before us, and there is no explanation for their presence in the transcript except for a statement in the affidavit that "[t]he original documents cannot be found." Our court rules do not authorize a trial judge to make re-creations of missing documents part of the transcript via affidavit. See Neb. Ct. R. of Prac. 4 (rev. 1996). But see Neb. Ct. R. of Prac. 5B(3) (rev. 1996).

Finally, the transcript also includes a memorandum authored by the county court judge. The memorandum is addressed to "all court appointed attorneys of Dodge County." The memorandum appears to outline procedures to be followed for payment of attorney fees and expenses. We are at a loss as to why this memorandum is included in the transcript. It does not include a file stamp and, in fact, does not appear to relate directly to the present case.

We note that this is not the first instance in which a case has appeared before this court on appeal from this particular lower court where the record has lacked documents which should be in the file or has included documents which do not appear to be properly part of the court file. See, *In re Interest of Cassandra L. & Trevor L.*, 4 Neb. App. 333, 543 N.W.2d 199 (1996); *State v. Hanus*, 3 Neb. App. 881, 534 N.W.2d 332 (1995). Obviously, we will not consider items not properly in the record in our resolution of this appeal. Additionally, although we generally hold the appellant responsible for presenting a proper record on appeal, see, e.g., *State v. Biernacki*, 237 Neb. 215, 465 N.W.2d 732 (1991); Neb. Ct. R. of Prac. 4 and 5, we note the difficulties presented for the County in this case. The County was not made a party to these proceedings in any form until the court's order granting the appointed attorney's request for payment of fees. As such, the County had no opportunity to ensure that the items which should be in the transcript but which are unexplainably missing were properly included in the record. The inadequacies of the record in this case are especially troublesome where the party appealing was in no position to prevent or remedy the deficiencies.

## 2. AUTHORITY TO GRANT COSTS

With the inadequacies of the record in mind, we turn to the issue presented to us: Do the pleadings support a finding that the County may be ordered to pay the reasonable fees of a court-appointed attorney who is appointed to represent a minor's parent in a guardianship proceeding? We initially point out that the issue of the propriety of the appointment of counsel in this civil case is not before us, and we will not comment on it further.

Our review of the pleadings in this case indicates that Suezanne's great-grandmother filed a petition for guardianship. Suezanne's mother, through her court-appointed counsel, eventually consented to the guardianship. The court-appointed counsel then sought allowance of fees, and the court granted his application. No authority for requiring the County to pay the fees of this court-appointed attorney was pled, and none was cited in the order granting the application. In fact, the County was not involved in this civil action in any way prior to the court's granting of the application.

Our research indicates no authority for the court ordering the County to pay these attorney fees. Although there are various statutory provisions granting the court authority to require counties to pay attorney fees in other circumstances, see, e.g., Neb. Rev. Stat. § 30-2620.01 (Reissue 1995); Neb. Rev. Stat. § 42-358 (Cum. Supp. 1996); Neb. Rev. Stat. §§ 83-1049 through 83-1051 (Reissue 1994), none of those provisions is applicable to the present case. There simply is no authority for the court to order the County to pay the fees of the court-appointed attorney in this civil guardianship case in which the County was in no way involved.

This is not the first time we have encountered this court acting beyond its authority. We have reversed or vacated numerous judgments of this lower court during the past 3 years for lack of jurisdiction. See, e.g., *In re Interest of Torrey B.*, 6 Neb. App. 658, 577 N.W.2d 310 (1998); *State v. David C.*, 6 Neb. App. 198, 572 N.W.2d 392 (1997); *In re Interest of Cassandra L. & Trevor L., supra*; *State v. Schulz*, 97 NCA No. 10, No. A-96-816 (not designated for permanent publication). See, also, *In re Interest of Riley M.*, 97 NCA No. 12, No. A-96-409 (not desig-

nated for permanent publication). Because the court lacked authority to order the County to pay the fees in the present case, we similarly vacate the order in the present case.

## V. CONCLUSION

Because the court lacked the authority to order the County to pay the fees in the present case, the order granting fees is vacated.

JUDGMENT VACATED.