IN RE ADOPTION OF KAILYNN D.
DAVID E. AND JENNIFER E., APPELLEES, V. RICHARD D.
AND JOHN J. KOHL, GUARDIAN AD LITEM FOR RICHARD D.,
APPELLEES, AND SARPY COUNTY, NEBRASKA, APPELLANT.
733 N.W.2d 856

Filed June 29, 2007.   No. S-06-1278.

Nicole O'Keefe, Deputy Sarpy County Attorney, for appellant.

Michael L. Smart for appellee David E.

John J. Kohl, of Raynor, Rensch & Pfeiffer, pro se.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

This is a private adoption proceeding in which the husband of the biological mother sought to adopt her child, alleging abandonment by the biological father. The county court for Sarpy County appointed a guardian ad litem for the biological father, who was incarcerated. The sole issue in the appeal is whether Sarpy County can be required to pay the fee of the guardian ad litem in a private adoption. We conclude that it cannot.

## FACTS

Kailynn D., born October 22, 1998, is the biological child of Richard D. and Jennifer E., who never married. Jennifer married David E. on March 5, 2005. In January 2006, David filed a petition to adopt Kailynn, in which Jennifer joined. The petition filed in Sarpy County Court identified Richard as the biological father and alleged that he was incarcerated in West

Virginia. The petition requested appointment of a guardian ad litem for the child, but did not request that a guardian ad litem be appointed for Richard.

After he was served with a copy of the petition for adoption, Richard sent a letter to the court requesting that counsel be appointed to represent him and that he be subpoenaed to attend all hearings in the matter. Richard did not specifically request appointment of a guardian ad litem. The court denied Richard's request for appointment of counsel, but appointed attorney John J. Kohl to serve as his guardian ad litem pursuant to Neb. Rev. Stat. § 43-104.18 (Reissue 2004).

After Kohl filed a report, a hearing was held at which he, counsel for David and Jennifer, and the guardian ad litem for Kailynn agreed that Kohl had performed all of his statutory duties and should be discharged. The court subsequently entered an order finding that Kohl had performed all of the duties of the guardian ad litem for Richard under Neb. Rev. Stat. § 43-104.19 (Reissue 2004) and that upon notice to Richard, Kohl's appointment would terminate. In a separate order, the court granted Kohl's motion for leave to withdraw as guardian ad litem for Richard.

After his withdrawal from the case, Kohl filed an application for fees and expenses, which he served on the Sarpy County Attorney. Sarpy County filed a resistance to the application. Following a hearing, the court entered a written order awarding Kohl a fee of $2,516. By handwritten interlineation· on the order, the court stated that it was "for G.A.L. Services Rendered" and was "to be submitted to Sarpy County for payment." Sarpy County timely appealed; we moved the appeal to our docket on our own motion pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[1]

## ASSIGNMENT OF ERROR
Sarpy County assigns, restated, that the county court erred in ordering Sarpy County to pay the guardian ad litem fee for Richard in this private adoption matter.

----

[1] See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## STANDARD OF REVIEW

■ Appeals in adoption proceedings are reviewed by an appellate court for error appearing on the record.[2]

## ANALYSIS

■ In Nebraska, the matter of adoption is statutory, and the manner of procedure and terms are all specifically prescribed and must be followed.[3] The adoption statutes codified at Neb. Rev. Stat. §§ 43-101 to 43-116 (Reissue 2004) do not make a county a necessary party to an adoption proceeding. In this case, Sarpy County had no involvement until it was served with Kohl's application for fees.

Kohl was appointed pursuant to § 43-104.18, which provides that under certain circumstances, the court may appoint a guardian ad litem to "represent the interests of the biological father." The statute further provides that the guardian ad litem is to be "chosen from a qualified pool of local attorneys" and "shall receive reasonable compensation for the representation, the amount to be determined at the discretion of the court."[4] The statute does not specify who is responsible for paying the fee.

■ Statutory interpretation presents a question of law.[5] In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.[6] It is a court's duty to discover, if possible, legislative intent from the statute itself.[7] It is not within an appellate court's province to read a meaning into a statute that is not there.[8] We find no language in § 43-104.18 which would obligate a county to pay the fee of a guardian ad litem

---

[2] *In re Adoption of Luke*, 263 Neb. 365, 640 N.W.2d 374 (2002).

[3] *Id.*

[4] § 43-104.18.

[5] *City of Elkhorn v. City of Omaha*, 272 Neb. 867, 725 N.W.2d 792 (2007).

[6] *In re Interest of Jeffrey K.*, ante p. 239, 728 N.W.2d 606 (2007).

[7] *Knapp v. Village of Beaver City*, ante p. 156, 728 N.W.2d 96 (2007).

[8] *City of Elkhorn v. City of Omaha*, supra note 5.

appointed for a biological father in a private adoption proceeding to which it is not a party.

The Nebraska Court of Appeals addressed a similar issue in *In re Guardianship of Suezanne P.*[9] There, an attorney was appointed to represent a minor's parent in a guardianship proceeding initiated by the minor's great-grandmother. The court ordered the county to pay the attorney fee. The county had not been involved in the case prior to the fee award. The Court of Appeals noted that while various statutes grant a court authority to require counties to pay attorney fees in various circumstances, none were applicable to the case. The Court of Appeals concluded that there was "no authority for the court to order the County to pay the fees of the court-appointed attorney in this civil guardianship case in which the County was in no way involved."[10]

In a brief filed in this appeal, Kohl calls our attention to Neb. Rev. Stat. § 43-292.01 (Reissue 2004), a provision of the Nebraska Juvenile Code, which states that a guardian ad litem appointed in a termination of parental rights case "shall be paid a reasonable fee set by the court and paid from the general fund of the county." Kohl argues that we should read this statute in pari materia with § 43-104.18 so as to include a requirement that the county pay the guardian ad litem fee in this case. We note that the adoption statutes and the Nebraska Juvenile Code are two separate legislative enactments. But of greater significance, the two statutes are distinctly different. In § 43-292.01, as in certain other civil statutes, the Legislature has specifically provided that a county can be required to pay guardian ad litem or attorney fees.[11] No such provision is included in § 43-104.18.

The intent of the Legislature is expressed by omission as well as by inclusion.[12] The fact that the Legislature expressly

---

[9] *In re Guardianship of Suezanne P.*, 6 Neb. App. 785, 578 N.W.2d 64 (1998).

[10] *Id.* at 789, 578 N.W.2d at 67.

[11] See, e.g., Neb. Rev. Stat. §§ 30-2620.01 and 42-364 (Cum. Supp. 2006) and 43-273 (Reissue 2004).

[12] *Ledwith v. Bankers Life Ins. Co.*, 156 Neb. 107, 54 N.W.2d 409 (1952).

obligated counties to pay guardian ad litem fees in some statutes, but not in § 43-104.18, reflects a legislative intent that the county cannot be ordered to pay the fees of a guardian ad litem appointed for a biological father in a private adoption case. Accordingly, we conclude that the county court erred in ordering Sarpy County to pay the fee of Kohl, the guardian ad litem appointed for Richard.

■ Although he is an appellee, David's brief includes an "Assignment of Error" in which he asserts that the county court "did not have authority under the adoption statutes to appoint a guardian ad litem for Richard and that therefore, there is no authority to assess these costs" to David.[13] We regard this as a request for affirmative relief in the event that Sarpy County prevails in this appeal. A cross-appeal must be properly designated under Neb. Ct. R. of Prac. 9D(4) (rev. 2006) if affirmative relief is to be obtained.[14] Rule 9D(4) provides

> Where the brief of appellee presents a cross-appeal, it shall be noted on the cover of the brief and it shall be set forth in a separate division of the brief. This division shall be headed "Brief on Cross-Appeal" and shall be prepared in the same manner and under the same rules as the brief of appellant.

Because David failed to properly identify his brief as a cross-appeal, we decline to address his arguments. Although we conclude that Sarpy County is not obligated to pay the fee of the guardian ad litem, we express no opinion on the question of whether the fee should be taxed as costs to David. That issue was never addressed by the county court and likely will arise on remand. An appellate court will not consider an issue on appeal that was not passed upon by the trial court.[15]

## CONCLUSION

We conclude that the county court erred in ordering Sarpy County to pay the fee of Kohl, the guardian ad litem appointed

---

[13] Brief for appellee David E. at 2.

[14] *New Tek Mfg. v. Beehner*, 270 Neb. 264, 702 N.W.2d 336 (2005).

[15] *In re Estate of Eriksen*, 271 Neb. 806, 716 N.W.2d 105 (2006).

for Richard, the biological father. Accordingly, we reverse, and remand to the county court for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.