Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/16/2020 09:08 AM CDT

In re Estate of William Daniel
Hutton, deceased.
John Hodge, Successor Personal Representative
of the Estate of William Daniel Hutton,
deceased, appellee, v. Webster County,
Nebraska, appellant.

___ N.W.2d ___

Filed July 24, 2020.    No. S-19-875.

1. **Guardians and Conservators: Judgments: Appeal and Error.** Appeals of matters arising under the Nebraska Probate Code, Neb. Rev. Stat. §§ 30-2201 through 30-2902 (Reissue 2016, Cum. Supp. 2018 & Supp. 2019), are reviewed for error on the record. When reviewing a judgment for errors on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
2. **Decedents' Estates: Attorney Fees.** Ordinarily, the fixing of reasonable compensation, fees, and expenses under the statutes governing compensation of personal representatives, expenses in estate litigation, and compensation of personal representatives and employees of the estate, is within the sound discretion of the county court.
3. **Statutes: Appeal and Error.** Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.
4. **Costs.** Costs of litigation and expenses incident to litigation may not be recovered unless provided for by statute or a uniform course of procedure.
5. ____. Whether costs and expenses are authorized by statute or by the court's recognition of a uniform course of procedure presents a question of law.
6. **Statutes: Legislature: Intent.** In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.

7. **Statutes.** It is not within the province of the courts to read a meaning into a statute that is not there or to read anything direct and plain out of a statute.

8. **Legislature: Intent.** The intent of the Legislature is expressed by omission as well as by inclusion.

Appeal from the County Court for Webster County: Michael O. Mead, Judge. Judgment vacated.

Sara J. Bockstadter, Webster County Attorney, for appellant.

No appearance for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.

Webster County, Nebraska (County), appeals from an order of the county court requiring the County to pay fees and expenses to a court-appointed successor personal representative. Because the court lacked the authority to order the County to pay the successor personal representative fees, we vacate the order.

## BACKGROUND

William Daniel Hutton died intestate without a surviving spouse in February 2015. The county court granted an application filed by Hutton's only children, John Hutton and Alexis Elledge, for informal appointment of copersonal representatives of the estate. In July 2015, counsel for the copersonal representatives withdrew from the case. Thereafter, each copersonal representative retained independent counsel.

In January 2016, John filed a "Motion to Distribute Estate Assets," requesting that the court order Elledge to pay him half the value of E.W. Seals, a business owned and operated by William at the time of his death. John alleged that the business had a value of $250,000. The court ordered the business to be liquidated or sold with the proceeds to be paid to the

estate. The copersonal representatives filed an inventory that included valuations for all estate assets except E.W. Seals.

In January 2017, in response to an order to show cause, Elledge filed a motion seeking the appointment of a new personal representative who was not a family relative. The motion alleged that there was a breakdown in communication between the copersonal representatives due to disagreement over the valuation and distribution of the E.W. Seals assets. At the show cause hearing, the copersonal representatives informed the court it was unlikely they would be able to complete the administration of the estate. On February 14, the court discharged John and Elledge as copersonal representatives and appointed attorney John Hodge as successor personal representative.

In October 2018, Hodge filed an amended inventory which valued the estate at approximately $420,000. Hodge filed a statement of distributions of the prior copersonal representatives showing that John had taken $210,455.62 and Elledge had taken $147,908.43. Although the assets of the estate were to be divided equally between the surviving children, John had received $62,547.19 more than Elledge.

The estate owed $60,346.23 in federal income taxes and $8,429.29 in state income taxes. The court ordered John and Elledge to return liquid funds to Hodge for payment of estate taxes, and then it granted Elledge's motion for reconsideration and ordered John to return the value of an investment account and the value of a 2013 Toyota pickup.

Hodge filed a "Petition for Order to Pay Debts of the Estate and Equalization of Assets Among Beneficiaries" and a "Petition for Determination of Inheritance Tax and Reimbursement of Prior Paid Tentative Inheritance Tax." Around this same time, Hodge filed an application for payment of his fees and expenses. In December 2018, following a hearing, the court ordered John to immediately return $62,547.19, of which John returned $30,000. The court ordered Hodge to pay court costs and outstanding federal and state taxes. The

court continued to a later date the final settlement and Hodge's application for fees and expenses. Hodge used the remaining funds in the estate's account to pay $478 in court costs and $42,545.89 in federal taxes.

Hodge completed administration of the estate and renewed his application for fees and expenses. Per order of the court, Hodge served the Webster County Attorney with a notice of hearing for August 2, 2019. At the hearing, the court informed the County that the estate was insolvent and that Hodge would submit his request for payment to the County. The County objected to being responsible for Hodge's fees and expenses, and it stated that Hodge's application had not requested that the County pay his fees and expenses. The County argued that the estate at one point had substantial assets and that the heirs of the estate should be held responsible for Hodge's fees. Hodge admitted he knew of no statutory authority to require the County to pay his fees.

In its order dated August 13, 2019, the court found that Hodge had served as a court-appointed successor personal representative for 2½ years and that his fees were fair and reasonable given the amount of work involved. The court found that the estate was insolvent and that the amount owed by the heirs to the Internal Revenue Service and the Nebraska Department of Revenue was likely uncollectible. The court found that "the County . . . shall pay the amount of $6,455.63 to . . . Hodge."

The County appealed and is the only party to participate in this matter. We moved this case to our docket on our own motion.

ASSIGNMENTS OF ERROR

The County assigns, restated, that the court lacked authority to order the County to pay the fees and expenses of the court-appointed successor personal representative. The County further contends that had the distributions taken by the original

copersonal representatives not occurred, there would have been sufficient assets for the estate to pay Hodge.

## STANDARD OF REVIEW

[1] Appeals of matters arising under the Nebraska Probate Code, Neb. Rev. Stat. §§ 30-2201 through 30-2902 (Reissue 2016, Cum. Supp. 2018 & Supp. 2019), are reviewed for error on the record.[1] When reviewing a judgment for errors on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[2]

[2] Ordinarily, the fixing of reasonable compensation, fees, and expenses, pursuant to § 30-2480, governing compensation of personal representatives; § 30-2481, governing expenses in estate litigation; and § 30-2482, governing compensation of personal representatives and employees of the estate, is within the sound discretion of the county court.[3]

[3] Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.[4]

## ANALYSIS

[4,5] The issue presented to us is whether the county court was authorized to order the County to pay the reasonable fees and expenses of the court-appointed successor personal representative. We have long held that costs of litigation and expenses incident to litigation may not be recovered unless provided for by statute or a uniform course of procedure.[5] Whether costs and expenses are authorized by statute or by the

---

[1] *In re Guardianship of Eliza W.*, 304 Neb. 995, 938 N.W.2d 307 (2020).

[2] *Id.*

[3] *In re Estate of Graham*, 301 Neb. 594, 919 N.W.2d 714 (2018).

[4] *In re Guardianship of Eliza W., supra* note 1.

[5] *City of Falls City v. Nebraska Mun. Power Pool*, 281 Neb. 230, 795 N.W.2d 256 (2011). See *Nat. Bank of Commerce Trust & Savings Assn. v. Rhodes*, 207 Neb. 44, 295 N.W.2d 711 (1980).

court's recognition of a uniform course of procedure presents a question of law.[6]

[6,7] In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.[7] It is not within the province of the courts to read a meaning into a statute that is not there or to read anything direct and plain out of a statute.[8]

In *In re Guardianship of Suezanne P.*,[9] the Nebraska Court of Appeals addressed whether, in a guardianship proceeding, a county may be ordered to pay the fees of an attorney appointed to represent the minor child's mother. Although the county was not involved in the case, the trial court ordered the county to pay the attorney fees. When the county appealed, the appellate court found that the attorney pled no authority for requiring the county to pay his fees and that no authority was cited in the trial court's order. In vacating the order, the Court of Appeals found that although various other statutes authorize a court to order a county to pay attorney fees, there was no authority for the trial court to order the county to pay the fees of the parent's court-appointed attorney in a civil guardianship case in which the county was no way involved.[10]

[8] In *In re Adoption of Kailynn D.*,[11] this court considered whether a county could be required to pay the fee of a guardian ad litem in a private adoption. Our interpretation of the statutes at issue focused on the rule that the intent of

---

[6] See, *D.I. v. Gibson*, 295 Neb. 903, 890 N.W.2d 506 (2017); *In re Guardianship of Brydon P.*, 286 Neb. 661, 838 N.W.2d 262 (2013).

[7] *Anderson v. A & R Ag Spraying & Trucking, ante* p. 484, ___ N.W.2d ___ (2020).

[8] *State v. Swindle*, 300 Neb. 734, 915 N.W.2d 795 (2018).

[9] *In re Guardianship of Suezanne P.*, 6 Neb. App. 785, 578 N.W.2d 64 (1998).

[10] *Id*.

[11] *In re Adoption of Kailynn D.*, 273 Neb. 849, 733 N.W.2d 856 (2007).

the Legislature is expressed by omission as well as by inclusion.[12] The statutory provision at issue in that case, Neb. Rev. Stat. § 43-104.18 (Reissue 2016), addressed the court's authority to appoint a guardian ad litem to represent the interests of the biological father. We reasoned that because the Legislature expressly obligated a county to pay guardian ad litem or attorney fees in other statutes, such as Neb. Rev. Stat. § 43-292.01 (Reissue 2016), but not in the statute at issue, the Legislature did not intend to grant a court the authority to order a county to pay the fees of a guardian ad litem appointed for a biological father in a private adoption case.[13] We cited with approval *In re Guardianship of Suezanne P.*, noting that in both cases the county was not involved in the case until the court ordered it to pay fees.[14]

In this matter, we must examine the statutory provisions under the Nebraska Probate Code that address personal representatives. A personal representative "includes executor, administrator, successor personal representative, special administrator, and persons who perform substantially the same function under the law governing their status."[15] A successor personal representative is "a personal representative, other than a special administrator, who is appointed to succeed a previously appointed personal representative."[16] A personal representative is entitled to reasonable compensation.[17] We have held that the fixing of reasonable compensation is within the sound discretion of the county court.[18]

---

[12] *Id.*

[13] See *id.*

[14] See *id.* See, also, *In re Guardianship of Suezanne P., supra* note 9.

[15] § 30-2209(33).

[16] § 30-2209(45).

[17] § 30-2480.

[18] See, *In re Estate of Graham, supra* note 3; *In re Estate of Odineal*, 220 Neb. 168, 368 N.W.2d 800 (1985).

This court has not been presented with any authority or recognized course of procedure to support an order requiring a county to pay a personal representative's fees. Our review of the relevant statutes indicates that a personal representative's fees are paid by the estate. Under § 30-2481, a personal representative who defends or prosecutes any proceeding in good faith is entitled to receive necessary expenses "from the estate." Under § 30-2482(1), the court may review the reasonableness of the compensation determined by the personal representative for his or her own services and may order the return of excessive "compensation from an estate." Section 30-2487 states that "[c]osts and expenses of administration" are paid from "assets of the estate." Under § 30-2473, a personal representative is liable to interested persons for damage or loss resulting from breach of his or her fiduciary duty.

We digress to note that the county court discharged the copersonal representatives instead of merely removing them or terminating their authority. Typically, courts remove or terminate the status of a personal representative rather than discharge the personal representative so that the terminated personal representative remains responsible for any misdeeds he or she may have committed while acting as personal representative.[19]

In returning to the case at bar, the Legislature has expressly designated the estate as being responsible for personal representative compensation. Additionally, the Legislature has not expressly stated that a county is responsible for personal representative compensation. Any rules governing whether a county should be ordered to pay for a personal representative's costs and expenses should be established by the Legislature.[20]

The County notes in its brief that there are a number of statutory provisions which grant the court authority to require

---

[19] See *In re Estate of Graham, supra* note 3.

[20] See *White v. White*, 296 Neb. 772, 896 N.W.2d 600 (2017).

counties to pay fees in other circumstances.[21] Regarding such provisions under the Nebraska Probate Code, § 30-2620.01 permits a court to order a county to pay the reasonable fees and costs of an attorney, a guardian ad litem, a physician, and a visitor appointed by the court for an incapacitated person, if the incapacitated person does not possess an estate. Section 30-2643 permits a court to order a county to pay the reasonable fees and costs of an attorney, a guardian ad litem, a physician, a conservator, a special conservator, and a visitor appointed by the court for a protected person, if the protected person does not possess an estate. The fact that the Legislature did not expressly obligate counties to pay personal representative fees and expenses reflects a legislative intent that a county cannot be ordered to pay those fees. Moreover, this is a probate matter in which the County was in no way involved. Accordingly, pursuant to *In re Guardianship of Suzanne P.*[22] and *In re Adoption of Kailynn D.*,[23] we conclude that the court erred in ordering the County to pay Hodge's fees.

Additionally, the County contends that the court should have ordered the estate to pay for Hodge's services before the estate became insolvent. Prior to ordering the County to pay Hodge's reasonable compensation, the court ordered Hodge to pay the estate's court costs and outstanding federal and state income taxes. Hodge paid court costs and a large portion, but not all, of the federal taxes owed. The estate had insufficient assets to satisfy the remaining federal and state taxes or compensate Hodge. The County contends that if the estate cannot fully pay all of its claims, the court should have given priority to Hodge's compensation under § 30-2487(a)(1). However,

---

[21] See, Neb. Rev. Stat. § 29-3905 (Reissue 2016) (payment for attorneys appointed to represent indigent felony defendants); Neb. Rev. Stat. § 42-358 (Reissue 2016) (payment for attorneys appointed for minor child in domestic relations cases if responsible party is indigent).

[22] *In re Guardianship of Suzanne P., supra* note 9.

[23] *In re Adoption of Kailynn D., supra* note 11.

we need not address the County's argument regarding the priority of payments to be made under § 30-2487(a), because either way, the court lacked the statutory authority to order the County to pay the successor personal representative's fees. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[24]

### CONCLUSION

Because the county court lacked the authority to order the County to pay the successor personal representative's fees and expenses, the order granting fees and expenses is vacated.

JUDGMENT VACATED.

---

[24] *Saylor v. State*, 304 Neb. 779, 936 N.W.2d 924 (2020).

CASSEL, J., concurring.

This court's opinion, which I join unreservedly, correctly resolves the narrow issue presented in this appeal. But the court's opinion gives a glimpse of an estate that went horribly wrong.

One lesson that deserves emphasis to the bench and bar is the distinction between the *termination* of an appointment of a personal representative and the *discharge* of a personal representative. They are not synonymous. And unwitting use of the wrong terminology can have disastrous consequences.

According to our transcript, on January 31, 2017, one of the heirs sought the appointment of a new personal representative to replace the original copersonal representatives. The motion did *not* request that the original copersonal representatives be discharged.

Only 3 days later, at a hearing where the attorney for the original copersonal representatives apparently informed the court that they likely would be unable to complete administration, the county court not only appointed a new personal representative, it "discharged" the original copersonal representatives. Because we have no record of the hearing

on that date, our record contains only the court's written order.

The Nebraska Probate Code,[1] which is based on the Uniform Probate Code,[2] clearly distinguishes a "termination of appointment" from a "discharge."[3] Section 30-2451 states:

> Termination of appointment of a personal representative occurs as indicated in sections 30-2452 to 30-2455. Termination ends the right and power pertaining to the office of personal representative as conferred by this code or any will . . . . *Termination does not discharge a personal representative from liability for transactions or omissions occurring before termination, or relieve him of the duty to preserve assets subject to his control, to account therefor and to deliver the assets.* Termination does not affect the jurisdiction of the court over the personal representative, but terminates his authority to represent the estate in any pending or future proceeding.

(Emphasis supplied.) One of the methods for termination is specified in § 30-2454, which authorizes the county court to remove a personal representative and sets forth the procedure to do so. The comment to the equivalent provision of the uniform act explains, "'Termination', as defined by this and succeeding provisions, provides definiteness respecting when the powers of a personal representative (who may or may not be discharged by court order) terminate. . . . It is important to note that 'termination' is not 'discharge'."[4]

Under § 30-24,115(a), a court "may enter an order or orders, on appropriate conditions, . . . discharging the personal

---

[1] Neb. Rev. Stat. §§ 30-401 to 30-406, 30-701 to 30-713, 30-2201 to 30-2902, 30-3901 to 30-3923, 30-4001 to 30-4045, 30-4101 to 30-4118, and 30-4201 to 30-4210 (Reissue 2016, Cum. Supp. 2018 & Supp. 2019).

[2] Unif. Probate Code, § 1-101 et seq., 8 U.L.A. 1 et seq. (2013 & Supp. 2019).

[3] § 30-2451.

[4] Unif. Probate Code § 3-608, comment, 8 (part II) U.L.A. 138 (2013).

representative from further claim or demand of any interested person."

I express no opinion regarding the legal effect of the county court's order of February 9, 2017, which memorialized the hearing of February 3. But I urge that courts be precise in the use of this terminology.