Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/31/2020 09:11 AM CST

- 452 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE GUARDIANSHIP & CONSERVATORSHIP OF J.F.
Cite as 307 Neb. 452

In re Guardianship and Conservatorship of J.F.,
a child under 18 years of age.
Gerald F., appellant, v. Misty B., appellee.

___ N.W.2d ___

Filed October 9, 2020.    No. S-19-1123.

1. **Estates: Appeal and Error.** An appellate court reviews probate cases for error appearing on the record made in the county court.

2. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

3. **Guardians Ad Litem: Fees: Appeal and Error.** In considering a trial court's order concerning the payment of guardian ad litem fees, the allowance, amount, and allocation of guardian ad litem fees is a matter within the initial discretion of a trial court, involves consideration of the equities and circumstances of each particular case, and will not be set aside on appeal in the absence of an abuse of discretion by the trial court.

4. **Judgments: Words and Phrases.** A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system.

5. **Statutes: Appeal and Error.** Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.

6. **Costs.** Under Nebraska law, the costs of litigation and expenses incident to litigation may not be recovered unless provided for by statute or a uniform course of procedure.

7. ____. Whether costs and expenses are authorized by statute or by the court's recognition of a uniform course of procedure presents a question of law.

- 453 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
IN RE GUARDIANSHIP & CONSERVATORSHIP OF J.F.
Cite as 307 Neb. 452

8. **Statutes: Legislature: Intent.** In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.

9. **Statutes.** It is not within the province of the courts to read a meaning into a statute that is not there or to read anything direct and plain out of a statute.

10. **Statutes: Legislature: Intent.** It is a court's duty to discover, if possible, legislative intent from the statute itself.

11. **Legislature: Intent.** The intent of the Legislature is expressed by omission as well as by inclusion.

12. **Statutes: Legislature: Intent.** Repeal by implication is strongly disfavored, unless made necessary by the evident intent of the Legislature.

13. **Statutes.** A statute will not be considered repealed by implication unless the repugnancy between the new provision and the former statute is plain and unavoidable.

14. **Statutes: Legislature: Intent.** In determining whether a new enactment is repugnant, a court looks at the new enactment for any indication of an evident legislative intent to repeal the former statute.

15. ____: ____: ____. In the absence of clear legislative intent, the construction of a statute will not be adopted which has the effect of nullifying or repealing another statute.

16. **Appeal and Error.** An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court.

17. ____. In order to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error.

Appeal from the County Court for Holt County: KALE B. BURDICK, Judge. Affirmed.

Charles W. Balsiger, of Carney Law, P.C., for appellant.

Brent M. Kelly, Holt County Attorney, for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

FUNKE, J.

Gerald F. petitioned to be appointed guardian and conservator of a minor child. Gerald also moved for the appointment of a guardian ad litem (GAL) to represent the interests of the

- 454 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE GUARDIANSHIP & CONSERVATORSHIP OF J.F.
Cite as 307 Neb. 452

minor child, which motion was sustained by the county court. After trial, the court granted Gerald's petition to be appointed guardian and conservator. The court ordered Gerald to pay the GAL's reasonable fees and costs. Gerald appeals the order to pay fees and costs, arguing that the court's order was not statutorily authorized. Because the court had statutory authority to order the petitioner to pay a GAL's reasonable fees and costs in a proceeding to appoint a conservator, we affirm.

## BACKGROUND

On July 18, 2018, Gerald filed a petition in the county court for Holt County seeking to be appointed temporary and permanent guardian and conservator of J.F, a minor child. Gerald alleged that J.F.'s biological mother, Misty B., is unable to properly care for him. Gerald stated that he believed he was J.F.'s biological father until a paternity test was completed in May 2018, showing he was not. He alleged that he raised J.F. as his son and has lived with him since birth and that he is concerned Misty will move him to Idaho to live with his grandmother. That day, the county court issued an order appointing Gerald as temporary guardian and conservator and setting the matter of permanent appointment for a hearing.

On July 24, 2018, Gerald filed a motion for the appointment of a GAL. Though Gerald's motion is not in our record, the court referenced the motion in its written order sustaining the motion and appointing an attorney as GAL.

The order stated that on July 16, 2018, unbeknownst to the court, Misty filed in the district court a petition and affidavit to obtain a domestic abuse protection order against Gerald. Gerald was personally served that same afternoon with Misty's petition and an order to show cause. On July 23, the district court held a hearing and entered a domestic abuse protection order against Gerald, under which Misty and J.F. were protected parties. Under the protection order, Gerald was prohibited from having contact with J.F.

The county court found that the granting of the protection order raised a conflict and vacated its order appointing

Gerald as temporary guardian and conservator and issued a new order appointing Gerald as temporary conservator. The court stated that the competing cases appeared to present a custody dispute, and as a result, the court found that J.F.'s interests were inadequately represented and appointed the GAL pursuant to Neb. Rev. Stat. § 30-2222(4) (Reissue 2016).

On August 13, 2018, the district court issued a modified protection order removing J.F. as a protected party.

On August 14, 2018, in the county court, Misty filed an objection to guardianship and a motion to dismiss. After a hearing on Misty's objection and motion to dismiss, the court overruled both motions. The county court then held a trial on the merits on January 24 and 28, 2019. In February, the court granted Gerald's petition and appointed him as J.F.'s permanent guardian and conservator over Misty's objection.

On May 6, 2019, the GAL filed an application for payment of fees and costs, with an affidavit and itemized invoice stating that $10,665.57 was incurred for services provided from July 25, 2018, to February 7, 2019. The court granted the GAL's application and ordered that pursuant to Neb. Rev. Stat. § 30-2620.01 (Reissue 2016), the GAL's fees in the amount of $10,665.57 shall be paid by the ward's estate, if the ward possesses an estate: "If not, those fees shall by paid by the petitioner, as the petitioner requested the appointment of the GAL, and no evidence has been adduced to support a finding that the fees be paid by the county."

On June 13, 2019, Gerald moved to set aside the court's order, arguing that he was not made aware of the GAL's application or the hearing. On July 2, the court held a hearing where Gerald testified that he did not receive notice of the June 4 hearing. Gerald argued that because Misty contested the guardianship and conservatorship, she should be responsible for the GAL's fees. However, Gerald did not contest the amount of the GAL's fees or whether the fees were reasonable.

The court stated that it appointed the GAL at Gerald's request and that while it agreed that Misty should be held partially responsible, under the language of § 30-2620.01, only

- 456 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE GUARDIANSHIP & CONSERVATORSHIP OF J.F.
Cite as 307 Neb. 452

J.F., Holt County, or Gerald could be held responsible. The court denied Gerald's motion to set aside.

On September 6, 2019, the GAL moved to compel Gerald to comply with the order for payment of fees and costs. The GAL further moved for an order finding Gerald in contempt for failing to comply with the court's June 4 order. The court found the GAL's motions were premature and scheduled a hearing to determine whether J.F. possessed an estate and whether any such estate could pay the GAL's fees.

At the hearing, Gerald claimed that 2016 Neb. Laws, L.B. 934, repealed by implication § 30-2620.01 and Neb. Rev. Stat. § 30-2643 (Reissue 2016) and that therefore, Holt County should be responsible for the GAL's fees. Gerald argued that the matter is instead controlled by Neb. Rev. Stat. § 30-4210 (Reissue 2016), which allows for payment of fees by the county where the protective proceeding is brought, or by the person who is the subject of the protective proceeding, and does not allow for payment by the petitioner. Holt County objected, stating that it was not a party to the proceedings, that the case concerns a civil matter in which the county has no interest, and that the county had no opportunity to object to the appointment of a GAL.

Following the hearing, the court found that J.F. did not possess an estate from which the GAL's fees could be paid. The court also found that the issue was controlled by §§ 30-2620.01 and 30-2643 and that based on the terms of those provisions, the GAL's fees "shall be paid by the county in which the proceedings are brought or by the petitioner as costs of the action."

The court found that §§ 30-2620.01 and 30-2643 had not been repealed by implication or otherwise. The court further found that § 30-4210, which pertains to payments for court-ordered evaluations of the person who is the subject of the guardianship or conservatorship, did not apply to the services described in the GAL's application. The court stated that the case was a private custody dispute and that private parties should expect to pay the costs associated with their litigation,

- 457 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
IN RE GUARDIANSHIP & CONSERVATORSHIP OF J.F.
Cite as 307 Neb. 452

rather than the taxpayers of Holt County. The court found that because Gerald requested appointment of a GAL, and because Holt County did not have an interest and did not participate in the proceedings, Gerald, as the petitioner, must pay the GAL's fees and costs.

Gerald filed an appeal. Holt County filed a brief in opposition. We moved the case to our docket on our own motion.

## ASSIGNMENT OF ERROR

Gerald assigns, restated, that the county court lacked statutory authority to order him to pay the GAL's fees and costs.

## STANDARD OF REVIEW

[1,2] An appellate court reviews probate cases for error appearing on the record made in the county court.[1] When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[2]

[3,4] In considering a trial court's order concerning the payment of GAL fees, the allowance, amount, and allocation of GAL fees is a matter within the initial discretion of a trial court, involves consideration of the equities and circumstances of each particular case, and will not be set aside on appeal in the absence of an abuse of discretion by the trial court.[3] A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system.[4]

---

[1] *In re Guardianship & Conservatorship of Karin P.*, 271 Neb. 917, 716 N.W.2d 681 (2006).

[2] *Id.*

[3] *Id.*

[4] *Id.*

- 458 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
IN RE GUARDIANSHIP & CONSERVATORSHIP OF J.F.
Cite as 307 Neb. 452

[5] Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.[5]

## ANALYSIS

[6,7] The narrow issue presented to us is whether the county court was authorized to order Gerald to pay the GAL's reasonable fees and costs. Under Nebraska law, the costs of litigation and expenses incident to litigation may not be recovered unless provided for by statute or a uniform course of procedure.[6] Whether costs and expenses are authorized by statute or by the court's recognition of a uniform course of procedure presents a question of law.[7]

[8-11] In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.[8] It is not within the province of the courts to read a meaning into a statute that is not there or to read anything direct and plain out of a statute.[9] It is a court's duty to discover, if possible, legislative intent from the statute itself.[10] The intent of the Legislature is expressed by omission as well as by inclusion.[11]

Here, the court assessed the GAL's fees to Gerald pursuant to §§ 30-2620.01 and 30-2643 under the Nebraska Probate Code. Section 30-2620.01 provides in pertinent part:

> The reasonable fees and costs of an attorney, a [GAL], a physician, and a visitor appointed by the court for *the person alleged to be incapacitated* shall be allowed,

---

[5] *In re Estate of Hutton*, 306 Neb. 579, 946 N.W.2d 669 (2020).

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *In re Adoption of Kailynn D.*, 273 Neb. 849, 733 N.W.2d 856 (2007).

[11] *In re Estate of Hutton, supra* note 5; *In re Adoption of Kailynn D., supra* note 10.

- 459 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE GUARDIANSHIP & CONSERVATORSHIP OF J.F.
Cite as 307 Neb. 452

disallowed, or adjusted by the court and may be paid from the estate of the ward if the ward possesses an estate or, if not, shall be paid by the county in which the proceedings are brought or by the petitioner as costs of the action.

(Emphasis supplied.) Section 30-2643 provides in pertinent part:

The reasonable fees and costs of an attorney, a [GAL], a physician, a conservator, a special conservator, and a visitor appointed by the court for the person to be protected shall be allowed, disallowed, or adjusted by the court and may be paid from the estate of the protected person if the protected person possesses an estate or, if not, shall be paid by the county in which the proceedings are brought or by the petitioner as costs of the action.

The county court was incorrect to rely upon § 30-2620.01, because that provision does not apply to an award of fees and costs in a guardianship proceeding for a minor.[12] Under article 26 of the Nebraska Probate Code, there are three distinct sections of statutes that apply respectively to (1) a guardianship proceeding for a minor,[13] (2) a guardianship proceeding for an incapacitated person,[14] and (3) a conservatorship proceeding for a person under a disability or a minor.[15] Section 30-2620.01 establishes a recognized uniform course of procedure for the assessment of fees and costs to pay a court-appointed GAL in a guardianship proceeding for an incapacitated person. An incapacitated person is defined as any

[12] See, e.g., *In re Guardianship & Conservatorship of Alice H.*, 303 Neb. 235, 927 N.W.2d 787 (2019); *In re Guardianship of Brydon P.*, 286 Neb. 661, 838 N.W.2d 262 (2013); *In re Guardianship & Conservatorship of Karin P., supra* note 1.

[13] Neb. Rev. Stat. §§ 30-2605 to 30-2616 (Reissue 2016 & Cum. Supp. 2018).

[14] Neb. Rev. Stat. §§ 30-2617 to 30-2629 (Reissue 2016).

[15] Neb. Rev. Stat. §§ 30-2630 to 30-2661 (Reissue 2016 & Cum. Supp. 2018).

- 460 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
IN RE GUARDIANSHIP & CONSERVATORSHIP OF J.F.
Cite as 307 Neb. 452

person who is impaired by reason of mental illness, mental deficiency, physical illness or disability, chronic use of drugs, chronic intoxication, or other cause (except minority) to the extent that the person lacks sufficient understanding or capacity to make or communicate responsible decisions concerning himself or herself.[16] Section 30-2620.01 is inapplicable based on the facts and circumstances of this case.

Here, the court was not authorized to assess the GAL's fees against Gerald pursuant to § 30-2620.01, because the GAL was appointed in a guardianship proceeding for J.F., who is a minor and not an incapacitated person. As we explained in *In re Guardianship of Brydon P.*,[17] while the statutes governing a guardianship proceeding for a minor authorize a court to appoint an attorney and a GAL for a minor whose interests may be inadequately represented,[18] there is no statute governing minor guardianship proceedings which explicitly authorizes a court to assess the fees and costs of appointed persons against the ward's estate, a petitioner, or a county.

In *In re Guardianship of Brydon P.*, we found that § 30-2643 authorizes a court to assess fees and costs for a court-appointed person in a conservatorship proceeding, but held that § 30-2643 does not provide for an award of fees and costs in a guardianship proceeding for a minor.[19] Here, based on the plain and ordinary language of § 30-2620.01, we hold that § 30-2620.01 does not provide for an award of fees and costs in a guardianship proceeding for a minor.

However, the court made clear that it also relied upon § 30-2643 in assessing the GAL's fees against Gerald. Holt County contends that the court's order was authorized under § 30-2643. We agree.

---

[16] Neb. Rev. Stat. § 30-2601(1) (Reissue 2016).

[17] *In re Guardianship of Brydon P., supra* note 12.

[18] See, § 30-2222(4); § 30-2611(d).

[19] *In re Guardianship of Brydon P., supra* note 12.

- 461 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE GUARDIANSHIP & CONSERVATORSHIP OF J.F.
Cite as 307 Neb. 452

Section 30-2643 authorizes a court to allow, disallow, or adjust the payment of "reasonable fees and costs" of a GAL for a protected person in a conservatorship proceeding. "A protected person is a minor or other person for whom a conservator has been appointed or other protective order has been made."[20] Section 30-2643 provides that if a protected person "possesses an estate," the fees "may be paid from the estate." Section 30-2643 also provides that if the protected person does not possess an estate, then the fees and costs "shall be paid by the county in which the proceedings are brought or by the petitioner as costs of the action." Here, Gerald has not contested the court's finding that J.F. does not possess an estate from which the GAL's fees could be paid. As a result, the only issue is whether Gerald or the county should be required to pay the GAL's fees.

The court found that the proceedings concerned a private domestic dispute in which Holt County was in no way involved. The court also found that the case did not concern an interest of Holt County or involve a juvenile under the jurisdiction of the juvenile court as defined by Neb. Rev. Stat. § 43-247 (Reissue 2016). The court went on to find that the county should not be ordered to pay the fees. In this situation, the language of § 30-2643 authorized the court to assess the fees of a court-appointed GAL in a conservatorship proceeding to the petitioner.

In *In re Guardianship & Conservatorship of Karin P.*,[21] a father filed a petition seeking appointment as guardian and conservator for his adult child and the mother filed an objection and cross-petition seeking to be appointed as a limited guardian. On appeal, we held that the county court did not abuse its discretion in finding that both parties were petitioners and ordered the parties to split the GAL's fees. Here, even though Misty contested Gerald's appointment as guardian

---

[20] § 30-2601(3).

[21] *In re Guardianship & Conservatorship of Karin P., supra* note 1.

- 462 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE GUARDIANSHIP & CONSERVATORSHIP OF J.F.
Cite as 307 Neb. 452

and conservator, she did not seek to be appointed conservator. Also, as articulated by the county court, Gerald filed the petition for guardianship and conservatorship in this case. As such, the court correctly found that Gerald is a petitioner within the meaning of § 30-2643. Additionally, the court stated that Gerald should be responsible for the GAL's fees rather than the county, because Gerald moved for the appointment of the GAL. Further, under Neb. Rev. Stat. § 30-2602(b) (Reissue 2016), when both guardianship and protective proceedings as to the same person are commenced or pending in the same court, the proceedings may be consolidated. As such, Gerald's petition seeking both a guardianship and conservatorship gave the court authority to award fees under § 30-2643. On this record, we find that the court's order conforms to the law and is supported by competent evidence.

Gerald also argues that § 30-2643 was implicitly repealed and/or amended by § 30-4210. Gerald argues that § 30-2643 is irreconcilable with § 30-4210, which was enacted into law by 2016 Neb. Laws, L.B. 934. The portion of § 30-2643 at issue was enacted into law by 1993 Neb. Laws, L.B. 782. Gerald argues, as the most recent enactment, § 30-4210 should prevail over § 30-2643.

Section 30-4210 provides:

> The court may order the cost of any evaluation as provided in section 30-4203 to be paid by the county where the guardianship, conservatorship, or other protective proceeding is brought, or the court may, after notice and a hearing, assess the cost of any such evaluation, in whole or in part, to the person who is the subject of the guardianship, conservatorship, or other protective proceeding. The court shall determine the ability of such person to pay and the amount of the payment.

[12-15] Repeal by implication is strongly disfavored, unless made necessary by the evident intent of the Legislature.[22]

---

[22] *Premium Farms v. County of Holt*, 263 Neb. 415, 640 N.W.2d 633 (2002).

- 463 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE GUARDIANSHIP & CONSERVATORSHIP OF J.F.
Cite as 307 Neb. 452

A statute will not be considered repealed by implication unless the repugnancy between the new provision and the former statute is plain and unavoidable.[23] In determining whether the new enactment is repugnant, we look at the new enactment for any indication of an evident legislative intent to repeal the former statute.[24] In the absence of clear legislative intent, the construction of a statute will not be adopted which has the effect of nullifying or repealing another statute.[25]

We find no indication that the Legislature intended to repeal or amend § 30-2643 when it adopted 2016 Neb. Laws, L.B. 934, and codified § 23 at § 30-4210. Further, based on their plain and ordinary language, we find no repugnancy between § 30-4210 and § 30-2643, because they apply in distinct circumstances.

Section 30-4210 authorizes a court to assess against a county or protected person, but not the petitioner, the costs of a court-ordered evaluation conducted by a GAL under Neb. Rev. Stat. § 30-4203(2)(c) (Reissue 2016). Under § 30-4203(2)(c), evaluations are referred to as medical, psychological, geriatric, or any other evaluation of the person who is the subject of the guardianship, conservatorship, or other protective proceeding to determine the condition and extent of impairment, if any, of the person who is the subject of the guardianship, conservatorship, or other protective proceeding. Here, we have not been referred to any court-ordered evaluations in our record or any evidence that the GAL's fees included court-ordered evaluations. The court correctly found that the GAL did not request payment for any court-ordered evaluations and that § 30-4210 does not apply to the GAL's application for fees.

[16] Even though we conclude here that the court acted within its authority, it also seems clear that the outcome in

---

[23] *State v. Thompson*, 294 Neb. 197, 881 N.W.2d 609 (2016).

[24] *Id*.

[25] *Bergan Mercy Health Sys. v. Haven*, 260 Neb. 846, 620 N.W.2d 339 (2000).

- 464 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE GUARDIANSHIP & CONSERVATORSHIP OF J.F.
Cite as 307 Neb. 452

this case could lead to situations in which a person in need of protection is left without someone to initiate a proceeding on his or her behalf.[26] Although this case concerned a conservatorship for J.F., the vast majority of the dispute concerned Gerald's petition for guardianship of J.F. Had Gerald not also sought to be appointed conservator, he would not have been required to pay the GAL's $10,665.57 in fees. This is so, even though the dispute was civil in nature. However, Gerald did not contest the amount of the GAL's fees or whether the GAL's fees were reasonable. An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court.[27]

[17] Additionally, Gerald has not reasserted, on appeal, his objection from his motion to set aside that he was not provided notice of the GAL's application for fees and costs or the hearing on the application. In order to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error.[28]

## CONCLUSION

In a guardianship proceeding for a minor, no statute or recognized uniform course of procedure permits a court to assess the fees of an appointed person against a ward's estate, a county, or a petitioner. In a conservatorship proceeding for a protected person, the court is statutorily authorized to assess the fees of an appointed person to the estate of the protected person if the protected person possesses an estate or, if not, the county in which the proceedings are brought or the petitioner.

Affirmed.

---

[26] *In re Guardianship of Brydon P., supra* note 12, citing *In re Guardianship & Conservatorship of Donley*, 262 Neb. 282, 631 N.W.2d 839 (2001).

[27] *State v. Thomas*, 303 Neb. 964, 932 N.W.2d 713 (2019).

[28] *In re Guardianship & Conservatorship of Forster*, 22 Neb. App. 478, 856 N.W.2d 134 (2014).